**330**       NEW-YORK PRACTICE REPORTS.

Davis agt. The Cayuga and Susquehanna Railroad Company.

# SUPREME COURT.

## BENJAMIN DAVIS agt. THE CAYUGA AND SUSQUEHANNA RAIL-ROAD COMPANY.

The plaintiff sued the defendants to recover the value of a *trunk and contents,* which were alleged to have been lost through the carelessness and negligence of the defendants in running from Owego to Ithaca.

*Held,* that the plaintiff's *possession* of the *check,* and the testimony of the baggage master, that; when required by passengers, he put checks on their baggage and gave duplicates to the passengers, was sufficient evidence that plaintiff was a *passenger* on the cars, and that he had baggage checked on that occasion.

The *objection,* that a passenger having a check cannot be sworn as to the contents of a lost trunk, (*Laws* 1850, *p.* 232,) because the complaint does *not allege that the plaintiff was a passenger,* can only be taken at the *trial.* It is too late to raise such objection, for the first time, on appeal.

Objections which might have been obviated on the trial, if raised then, shall be considered *waived by non-objection.* This is the general rule applied by appellate courts to the judgments and proceedings of inferior courts.

A set of *harness-maker's tools,* valued at $10, in the plaintiff's trunk with his clothing, *held* to be included, and recoverable under the term *baggage;* it appearing in proof that the plaintiff was a harness-maker by trade; and that it was customary, when they leave one place to go to another, to pack their tools in their trunk, and take them with them.

Also *held,* on authority, that a *rifle,* (gun,) in the trunk, valued at $35, was also recoverable.

*Delaware General Term, July,* 1854.

CRIPPEN, SHANKLAND, and MASON, *Justices.*

THE plaintiff complained of the defendants, as carriers of property, for the loss of a trunk and contents. The proof of defendants' undertaking to carry the trunk, was the possession of defendants' check; such as are given to passengers on the cars, and duplicates of which are attached to the trunk by the baggage-master. The plaintiff came to the Ithaca Hotel in the evening, after the arrival of the cars from Owego, and he gave his check to the witness to look for his trunk that night at the other hotels; and the next morning it was presented to the baggage-master at the depot, but the trunk was not found.

The duplicate of the plaintiff's check was found on the plat-form at the depot the evening of the plaintiff's arrival. No other proof that the trunk was ever in the possession of the defendants, or that the plaintiff was a passenger, was given on the trial. Nor was any objection made at the trial, that the plaintiff was not proved to have been a passenger. The plain-tiff was offered as a witness to prove the contents of the trunk. The defendants objected to his being sworn, on the ground that he had not proved the trunk in defendants' possession. The contents of the trunk consisted of ordinary wearing apparel, a gun, and a set of harness-makers' tools worth ten dollars. Plaintiff was a harness-maker by trade; and it was proved that it is usual for those of that trade, in going from place to place, to take their tools with them in their trunks. The plaintiff recovered, and the judgment was affirmed in the county court.

S. P. WISNER, *for plaintiff.*

FERRIS & CUSHING, *for defendants.*

By the court—SHANKLAND, Justice. I am of opinion, the possession of the check by the plaintiff, and the testimony of the baggage-master, that, when required by passengers, he puts checks on their baggage, and gives duplicates to passen-gers, is sufficient evidence that plaintiff was a passenger on the cars, and that he had baggage checked on that occasion. But the defendants now object, that the complaint does not allege that the plaintiff was a passenger, and that none but passengers having checks can be sworn as to the contents of lost trunks, by the statute. (*Laws of* 1850, *p.* 232.)

But no such objection to the complaint was made at the time of the trial, nor on the plaintiff's being offered as a witness; when it would have been competent for the party to have amended his complaint, and to have offered additional evidence of his having been a passenger, if required. It is a rule always applied by appellate courts, to judgments and proceedings of inferior courts, that objections which might have been obviated on the trial if raised then, shall be considered waived by non-

objection. On the trial, the only objection made to witness was, that he had not proved the trunk in defendants' possession. Admitting the defendants' construction of the statute to be the correct one, (which is unnecessary to decide in this case,) that none but passengers can claim to have baggage checks, and therefore none but passengers can be witnesses as to contents thereof, yet the evidence was sufficient to prove the fact in this case, even if the defendants had raised the objection; but if not sufficient, the point was waived by non-objection. The same answer, of non-objection in the court below, applies to the want of proof of payment of fare as a passenger, or for the trunk. The case cited from 9 *Barb. S. C. Rep.* 160, is not an authority for saying, that proof necessary to support the action may not be waived by non-objection, nor that facts necessary to maintain the action may not be proved, if not objected to, although omitted in the complaint. (1 *Com. R.* 90; 5 *How. P. R.* 223.)

The judgment includes the value of the gun and tools of the plaintiff's trade, in the trunk, at the time of the loss. No objection was made to the recovery of these articles before the justice, specifically, as not being baggage; and the justice was not called upon to discriminate between the several articles of baggage; and I am inclined to think that the defendant has waived this objection, if it is one. But the case of *Hawkins* agt. *Hoffman* is an authority for the recovery of the gun, and I think for the tools also; they were of small value, and few in number, probably, and, it was proved, usually carried by persons of the plaintiff's trade, from place to place, in their trunks. In *Brooke* agt. *Peckwick*, (4 *Bingham*, 218,) the carrier was held liable for jewels in the trunk lost. But he is not liable for a large sum of money in the trunk; (9 *W. R.* 85;) and it is somewhat doubtful whether the carrier is liable for any sum of money in the trunk; nor are they liable for merchandize in a trunk, as baggage of the passenger. (25 *W. R.* 459.) But the carrier is liable for the watch of the passenger deposited in his trunk. (10 *Ohio R.* 145.) He is not liable for samples of goods carried in the trunk. (6 *Hill's R.* 586.)

In Maine, (26 *Maine R.* 458,) it was held, that a party may be sworn to prove the contents of his trunk or box, but only as to clothes and personal ornaments. In *Bonner* agt. *Maxwell,* (9 *Humphrey's R.* 623,) it was held, that the term "baggage" might include money to defray the expense of the journey, but not a watch, nor locks, nor hand-cuffs, nor medicine. In *Porter* agt. *Hildebrand,* (2 *Harris R.* 129,) it was held to include the tools of a carpenter, valued at $55, together with clothing in his trunk. In *M'Gill* agt. *Rowand,* (3 *Ban.* 451,) it was held to include the wife's jewelry in the trunk. In *Jordan* agt. *Fall River Railroad,* (5 *Cush. R.* 69,) it was held to include money for the journey. (*See also* 11 *Humphreys R.* 419, *to same effect.*) In *Woods* agt. *Devin,* (13 *Illi. R.* 746,) it was held to include a pocket-pistol and a case of duelling pistols.

I am of opinion the tools were, under the circumstances of the case, properly included under the term "baggage," and recovered for as such; and that the judgment should be affirmed with costs.