WESNER AND WHITE MFG. CO. v. ATLANTIC COAST LINE RAILROAD.

Common Carrier—Railroads—Freight—Damages.—In action for special damages for failure to promptly carry and deliver freight, it is necessary to allege that the carrier knew of the use to which the freight was to be put; that it had knowledge of the nature of plaintiff's business, or the special injury that would result from delay, and that it contracted to transport with reference to such special damage.

Before Klugh, J., Orangeburg, May, 1904. Reversed.

Action by Wesner and White Mfg. Co. against Atlantic Coast Line Railroad. From order refusing motion to strike out of complaint certain allegations, defendant appeals.

*Messrs. J. T. Barron* and *Moss & Lide,* for appellant.

*Messrs. Bowman & Wannamaker,* and *Jas. F. Izlar,* contra, cite: 50 S. C., 54; 66 S. C., 131; 45 S. C., 27.

March 20, 1905. The opinion of the Court was delivered by

Mr. Justice Woods. In this action, plaintiff seeks to recover of the defendant railroad company $1,995 damages for the alleged delay in transporting 270 bundles of wire, and also for the alleged injury caused to the wire during transit. The complaint contains three separate causes of action. After giving due notice to plaintiff, defendant made a motion

before his Honor, Judge Klugh, at his chambers, at Orange-
burg, on May 6, 1904, to strike out as irrelevant and redund-
ant, "so much of paragraph VI. of the second cause of action
as alleges that 'by reason of the damage thereto and the
delay in the transportation of said goods by the said car-
riers and the defendant, the plaintiff was forced to stop or
shut its manufacturing enterprise from the 4th to the 20th
day of January, A. D. 1904, both inclusive, and to pay five
employees, or hands, for fifteen days at the rate of ninety
cents each per day, amounting to the sum of $67.50; to stop
the manufacture of bed springs for the same length of time;
to suffer the business of the plaintiff to cease and become dis-
organized, besides being greatly worried and annoyed by
said delay, damage, injury and inconvenience in said trans-
portation caused as aforesaid.' And also, for the same
reason, so much of paragraph IV. of the third cause of action
as alleges that 'the business of the plaintiff interrupted; the
enterprise and manufacture of bed springs stopped; the man-
ufactory of plaintiff compelled to shut down and cease
work.' " The motion was refused, and from this ruling de-
fendant appeals.

The judgment of the Circuit Court will have to be re-
versed. It is true, the complaint alleges the defendant was
"fully cognizant of the fact that the plaintiff's stock of wire
was low; and that plaintiff wanted the same at once, and that
there was necessity for a hurried shipment." But there is
no allegation that the defendant knew whether the goods
were for sale, or for plaintiff's own use; or that it had any
knowledge of the nature of plaintiff's business, or of the
special injury that would result to it by reason of a delayed
shipment, and that it contracted to transport the wire with
reference to any such special damage. Nor is there any alle-
gation that the plaintiff could not obtain wire from some
other source, and that the defendant knew it could not be so
obtained. There was nothing, therefore, in the complaint
upon which to base the claim of special damages for inter-

ruption of plaintiff's business of manufacturing bed springs, and the pay of hands incident to such interruption. The case, therefore, falls distinctly within the principles stated in *Traywick* v. *Southern Railway Co., ante,* 82.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.