### WEHMAN v. SOUTHERN RAILWAY.

SPECIAL DAMAGES.—Allegations that a party took his trunk to the baggage room of a carrier one evening, returned the next morning, bought a ticket to a certain point and asked that baggage be checked to that point; was informed that trunk had been sent by mistake to another point, but would be forwarded to passenger's destination until he arrived; that it was never so delivered, are not sufficient to notify carrier that he would be subject to special damages in case of nondelivery, nor to put carrier on inquiry of special circumstances.

Before MEMMINGER, J., Charleston, May, 1906. Reversed.

Action by F. Wehman against Southern Railway. On motion to strike out certain allegations of the complaint, the Circuit Judge made the following order:

"The decision under this motion involves the very important question as to whether a passenger can recover from a common carrier special damages for delay of his baggage, without specific notice to the carrier that such special damage was incident to and would flow from such delay; given by the passenger, in detail to the carrier before, or at the time the contract of carriage was entered into.

"Applying the rule laid down in the two very recent cases of *Traywick* v. *Ry. Co.,* 71 S. C., 82, and *Wesner & Co.* v. *Atlantic Coast Line,* 71 S. C. (which were cases, however,

for delay and injury to shipments of freight, and not bag-
gage), to this case, it would seem to be settled law that no
such special damage is recoverable 'unless the special circum-
stances are known to the person who has broken the con-
tract.' *Traywick* v. *Ry. Co., supra.* This is on the princi-
ple of contemplation of consequences; whereunder a carrier
can only be held liable, without notice, for such damage as
reasonably and ordinarily would flow from the breach of
such a contract, and would, therefore, be in the contemplation
of the parties when the contract was entered into.

"In the case under consideration, however, and under this
motion to strike the allegations of special damage from the
complaint, I do not think the rule stated can be made to
apply without straining the point in favor of the carrier and
violating the sense of right; because, while it is not right
that a passenger or shipper should expect a carrier to pay
him special damages of which it had no notice in advance
of entering into the contract of carriage; nevertheless it is
more wrong that the carrier should be exempt from such
special damage when such facts occur at such time as would
reasonably put it upon its inquiry; which inquiry it does
not see fit to pursue.

"The justice of the claim is resolved into a question of
notice or knowledge; and notice may be implied from cir-
cumstances, and may be implied as well as expressed. In
the Am. & Eng. Ency. of Law, vol. 21, page 584, we find
the following luminous exposition of the law upon this point:
'Notice implied from circumstances—General Rule. Where
such facts or circumstnaces are known to a person in rela-
tion to a matter in which he is interested as are sufficient to
make it his duty as an honest and prudent man to inquire
concerning the rights of other persons in the same matter,
and in the course of inquiry thus suggested would, if fol-
lowed with due diligence, lead to a discovery of rights in
conflict with his own, the general rule is that he will be
held chargeable with notice of all that he might thus have
discovered, and will not be heard to say that he did not

actually know of the fact or claim in question. Means of knowledge with the duty of using them are deemed equivalent to knowledge itself, and passive good faith will not serve to excuse wilful ignorance.' 'Whatever puts person upon inquiry is sufficient notice.'—*Id.,* note 1.

"Express companies are allowed to limit their liability as to the value of packages which are subsequently proved to contain more than their apparent value; but they are first required to exercise reasonable diligence by inquiry in ascertaining such value to ask the value and fix it upon the shipper to disclose the same. Who is not familiar with the request for statement of value when making a shipment by express, and the 'value asked and not given' clause in their receipts, which have been upheld by the Courts, and prevents the shipper from recovering more than a fixed limited value?

"While such a salutary rule does not seem to be required of carriers generally, to wit: to ascertain by inquiry before undertaking the contract of carriage, whether there are any special elements of damage which the shipper or passenger will incur and claim, the contract being broken; such a rule is not in conflict with our decisions; but is distinctly recognized in the Traywick case, *supra,* where while, as above stated, it was held that no special damage was recoverable without notice ('unless known') to the carrier, and the admission by the presiding Judge of testimony as to special damage was held error; it was held error only because the Supreme Court did not agree with the presiding Judge in thinking that the facts there shown were enough to constitute notice of the special circumstances; expressly recognizing the rule that it is simply a question of whether in any particular case the facts are such as to fix notice (express or implied) upon the carrier; and not exclude the principle which I am following here that such notice may be express or implied; and that whatever facts the carrier upon inquiry (which if reasonably pursued would lead to a discovery of all the facts), makes it as much his duty to pursue that inquiry as the duty of the shipper or passenger to make the special

disclosures in detail in the first instance—in other words, fixes notice upon the carrier under the rule of implied notice above stated. In still other words, while there is a duty resting upon the shipper to disclose the special circumstances there is a corresponding duty upon the carrier, if not to inquire in the first instance (as is required of express companies) at least to use reasonable diligence in pursuing and inquiring where put upon it by the shipper or passenger.

"Now, in the complaint under consideration, it is alleged that plaintiff particularly asked the baggage master, as agent of the defendant carrier, about checking his trunk, and whether it would reach Augusta at the same time he would arrive there, and was assured that it would get there the same day, and 'upon this assurance plaintiff went to Augusta on said morning,' making it apparent that plaintiff's trip to Augusta was undertaken only upon the assurance given about the trunk. Here there was the attention of the defendant particularly and specifically directed to the fact that it was unusually important for plaintiff to have his trunk not delayed in arriving at Augusta. Here was defendant put upon its inquiry, the slightest pursuit of which no doubt might have elicited from plaintiff the detailed information as to his special reasons for having the trunk with him in Augusta, which are now alleged as items of damage, and of which the defendant might thus have had actual notice by the exercise of the slightest degree of diligence in pursuing an inquiry which it seems to me he was put upon his notice fairly to pursue, and 'the general rule is that he will be held chargeable with notice of all that he might have discovered, and will not be heard to say that he did not actually know of the fact or claim in question'—means of knowledge with the duty of using them are deemed equivalent to knowledge itself, and passive good faith will not serve to excuse wilful ignorance.

"Here was the baggage master, agent of defendant carrier, face to face with the passenger seeking to have his trunk checked to Augusta, and making a special point of the

importance to him of having that trunk in Augusta with him, and upon assurance only that the trunk would arrive there on the same day, he takes the train and goes to Augusta. Was this enough upon the face of the situation to put defendant upon its inquiry? Passengers usually wish their baggage to accompany them upon a journey, and it is probable that the law requires a higher degree of diligence in the transportation of personal baggage of passengers, as to time of carriage, than in ordinary shipments of freight; but certain it is that when a passenger alleges that he made a special point of having his baggage delivered at his destination when he reached there, and made the trip only upon the assurance that it would be so transported, there may be found by the jury upon trial, if proved, to be enough to put the carrier upon inquiry of the special circumstances which are incident with carriage or non-carriage of such baggage. I do not think the whole duty of disclosing the special circumstances is necessarily placed upon the passenger, if he acts in good faith, but it is for the jury to say whether in such a case, under an allegation whereunder notice may be implied, if the carrier by the exercise of reasonable diligence might have ascertained the special circumstances incident to a breach of the contract; under proper instructions from the Court as to the law of express and implied notice, and I think the allegations of the complaint in that respect are sufficient.

"Upon this ground the motion to strike out the allegations of special damage from the complaint herein, notice of which motion was served May 3d, 1905, and hearing thereunder had May 8th, 1905, is refused.

"Let the defendant have ten days from notice of the filing of this order in which to plead to the complaint."

From this decree the defendant appeals.

*Messrs. B. L. Abney* and *Jos. W. Barnwell,* for appellant, cite: Suth. on Dam., 3 ed., sec. 954; 71 S. C., 211; 9 Ex., 341; 25 S. C., 68; 14 Fla., 523; 3 Wil. Civ. Cas. Ct. of App.,

secs. 71, 192; Thomp. on Car. of Pas., 537; 71 S. C.. 337; 63 Tex., 590.

*Messrs. R. C. Merritt* and *Duncan J. Baker,* contra, cite: 70 S. C., 16; 25 S. C., 68; 71 S. C., 217; 2 Speer, 618; 21 Ency., 584.

April 23, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. After service of the complaint herein, the defendant gave written notice of its motion before his Honor, Judge Memminger, to strike from the complaint certain parts thereof as irrelevant matter. A hearing was had before said Judge, who refused the motion and who filed the grounds of such refusal; thereafter an appeal was taken from said order refusing the motion upon five grounds.

To correctly grasp the situation raised by the appeal, it will be proper to reproduce the complaint and said grounds of appeal.

The report of the case should set forth the decision of the Circuit Judge. The following is a copy of the complaint:

"First. That the defendant is now and was at the times hereinafter mentioned a corporation duly organized and chartered under the laws of the State of Virginia, and is a common carrier of passengers for hire between the city of Charleston, State of South Carolina, and city of Augusta, State of Georgia.

"Second. That on the 20th day of February, 1905, plaintiff delivered his baggage, consisting of a trunk, to defendant at its depot in the city of Charleston, said State, for the purpose of carrying the same with him to Augusta, State of Georgia, on the defendant's train, which was advertised to leave the city of Charleston on the morning of the 21st of February, and that defendant received plaintiff's trunk into its baggage room at its depot.

"Third. That on the morning of the 21st of February,

as aforesaid, plaintiff purchased a ticket from the defendant, which entitled him to be transported together with his baggage from the city of Charleston to the said city of Augusta, and presented his ticket to the baggage master, defendant's agent, stationed in the baggage room at said depot for the purpose of having his said trunk checked to Augusta, but the defendant, through its said agent, refused to check the same, stating to plaintiff that his trunk was sent to Asheville, N. C., by mistake; but he assured him that the defendant would forward the same to Augusta, which would reach Augusta on the same day that plaintiff reached there. Upon this assurance plaintiff went to Augusta on said morning train.

"Fourth. That defendant failed to send plaintiff's trunk to Augusta as it contracted to do, and also kept plaintiff out of possession of said trunk for several days after he had returned to the city of Charleston.

"Fifth. That by reason thereof plaintiff was put to the expense of remaining in Augusta several days, lost the amount he paid for his ticket, lost the amount he had expended in advertising his business, lost the rent he paid for an office in which he intended to conduct his business, and suffered loss of time while out of possession of said trunk, and has been damaged thereby in the sum of $405.30.

"Wherefore, plaintiff demands judgment against the defendant for the sum of $405.30 and the costs of this action."

The following are the five grounds of appeal:

"First. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in not striking out the following words in the fifth paragraph of said complaint, to wit: the words 'lost the amount he paid for his ticket,' following the words 'several days,' inasmuch as the words proposed to be stricken out cover special damages, and there are no allegations in the complaint showing that the special circumstances which would authorize the recovery of special damages were known to the defendant company, and the

said damages were too uncertain, speculative and remote to be recovered under the allegations of the complaint.

"Second. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in not striking out the following words in the fifth paragraph of the complaint, to wit: the words 'lost the amount he had expended in advertising his business, lost the rent he paid for an office in which he intended to conduct his business,' following the word 'ticket' in said paragraph, inasmuch as the words proposed to be stricken out cover special damages, and there are no allegations in the complaint showing that the special circumstances which would authorize the recovery of special damages were known to the defendant company, and the said damages were too uncertain, speculative and remote to be covered under the allegations of the complaint.

"Third. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in not striking out the following words in the fifth paragraph of the said complaint, to wit: the words 'and suffered loss of time while out of possession of said trunk,' following the word 'business' in the said paragraph, inasmuch as the words proposed to be stricken out cover special damages, and there are no allegations in the complaint showing that the special circumstances which would authorize the recovery of special damages were known to the defendant company, and the said damages were too uncertain, speculative and remote to be recovered under the allegations of the complaint.

"Fourth. Because it is respectfully submitted that his Honor, the Circuit Judge erred in deciding that the allegations of the complaint were sufficient to put the defendant upon inquiry of the special circumstances which were incident to the carriage or non-carriage of his baggage mentioned in the complaint.

"Fifth. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in deciding that the allegations of the complaint were sufficient to imply such notice as to require the Court to submit the question to a jury whether

the carrier by the exercise of reasonable diligence might have ascertained the special circumstances incident to a breach of the contract; whereas, it is respectfully submitted that the defendant, under the allegations of the complaint, not only was given no notice of the special circumstances which would justify the recovery of the special damages, but no notice which would require the defendant company to make any inquiry, it being the duty of the passenger to inform the carrier of such circumstances and not the duty of the carrier to make inquiry of the passenger."

We will now pass upon the grounds of appeal in the following order:

First. As to the first, second and third grounds of appeal. When the complaint is examined it will be seen that all that the plaintiff did was to purchase a ticket in the office of the defendant railway in the city of Charleston, S. C., for a passage on said railway from the city of Charleston to the city of Augusta, Ga. That the plaintiff, on the 20th day of February, 1905, had placed his trunk in the baggage room of the defendant's station at Charleston, S. C., and that on the 21st of February, 1905, carrying his ticket so purchased to the baggage master of the defendant, he demanded that his trunk should be checked from Charleston, S. C., to Augusta, Ga. Whereupon said baggage master refused to check said trunk, giving as his reason for such refusal that said trunk had been carried by mistake from Charleston, S. C., to Asheville, N. C. But the said baggage master assured the plaintiff that the defendant would send his trunk to said city of Augusta, Ga., on that day, and that such trunk would reach him on his arrival on that day at Augusta, Ga. On the contrary, the trunk of plaintiff was never forwarded by the defendant to Augusta, Ga. That said trunk after the delay of several days was finally delivered to plaintiff in the city of Charleston, S. C. That the plaintiff remained in the city of Augusta, Ga., for several days without receiving his trunk. No doubt there occurred a serious inconvenience to the plaintiff being separated from

his baggage. But that is not the question here. The matter of concern just now is, did the servant and agent of the defendant receive any notice of the special circumstances of damage to the plaintiff, by the delay of his baggage. It has been held in this State, in the cases of *Traywick* v. *Ry. Co.*, 71 S. C., 82, 50 S. E. Rep., 549, and *Wesner & White* v. *Atlantic Coast Line R. R.*, 71 S. C., 211, 50 S. E. Rep., 789, that special damages which do not arise from special circumstances in the knowledge of the defendant, cannot be recovered. The Circuit Judge admitted this rule, but he was influenced in his conclusion by what he thought was an implied notice of special circumstances by the language of the complaint. We think he was in error in this conclusion, for we do not think that the allegations of the complaint can be said to make a suggestion of facts which would put the defendant on notice of any special circumstances. We, therefore, sustain these three exceptions.

Second. We think this ground of appeal is well taken, for we do not think that the allegations of the complaint were sufficient to put defendant upon inquiry of the special circumstances which were incident to the carriage or non-carriage of his baggage, mentioned in the complaint. This exception is sustained.

Third. We cannot see how any questions could be presented to the jury, in view of the allegations of the complaint touching the exercise of reasonable diligence by the defendant in search of an ascertainment of any special circumstances relating to a breach of the contract. This exception is sustained.

It is the judgment of this Court, that the judgment of the Circuit Court appealed from be reversed.