## MILHOUS v. ATLANTIC COAST LINE R. R. CO.

DAMAGES—CARRIER—BAGGAGE.—IF DENTAL TOOLS be regarded as baggage, the owner cannot recover damages for what he would have made by working at his profession, the patients being present, during the time of delay of carrier in delivering baggage, without allegation and proof of notice to the carrier of the special circumstances under which the damages are claimed, as they fall within the class of special damages.

MR. JUSTICE GARY *thinks this Court should not remand a case to magistrate court, but to Circuit Court with proper instructions.*

Before PURDY, J., Barnwell, December, 1905. Reversed.

Action by J. H. E. Milhous against Atlantic Coast Line Railroad Co., in Court of Magistrate C. W. Moody. From circuit order sustaining judgment of magistrate, defendant appeals.

*Mr. Robert Aldrich,* for appellant, cites: 40 S. C., 524; 71 S. C., 85; 70 S. C., 16.

*Mr. G. M. Green, contra,* cites: 8 Ency., 648, 649, 650; 73 S. C., 268.

October 24, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff sued the defendant company before C. W. Moody, a magistrate for Barnwell County, to recover damages for delay in delivering certain baggage, consisting of four grips, which defendant had en-

gaged to transport for him, as passenger, from Barnwell,
S. C., to Dunbarton, S. C., on the 13th day of September,
1905. The baggage went on the same train as plaintiff and
by mistake was carried beyond the proper station, but was
returned on the next train and delivered to plaintiff at Dun-
barton, after a delay of three hours and twenty minutes.
Plaintiff is a dentist, and the baggage contained a part of
his dentist machine, called an engine, but it was not claimed
nor does it appear that the defendant company had any
knowledge or notice of this. Plaintiff, as appears by his let-
ter to defendant, dated September 15th, 1905, and intro-
duced in evidence by defendant, made demand on defendant
for damages to the amount of $20.00, claiming that his time
on that trip was worth $6.00 per hour, and that on account
of delay and lost time he did not finish the work of some
school children who were going away to college, which work
he consequently lost.

In his complaint before the magistrate, plaintiff demanded
$100 damages, alleging the loss of time before mentioned as
the result of the gross carelessness, wilfulness and wanton-
ness of the defendant company in failing to deliver the bag-
gage promptly. The defendant company made a general de-
nial, but in Court, before entering upon the trial, offered to
allow judgment to be taken against defendant for $1.00 and
costs, which offer was refused. On the trial, over defend-
ant's objection to its relevancy, plaintiff was allowed to
testify that the time he lost by the delay was worth $6.00
per hour, basing the value of his time by the work he did
while at Dunbarton on that trip and the loss of work by the
delay. Defendant moved for a nonsuit on the ground that
loss of profits in business, or special damages, could not be
considered in this case. The magistrate gave judgment for
twenty dollars, and defendant appealed to the Circuit Court,
alleging error (1) in basing judgment upon what plaintiff
could have earned had his baggage been put off with him;
(2) that there was no evidence of wilfulness; (3) that there

was no evidence of such injury or loss as the law takes into consideration.

Judge Purdy made the following decree: "There is no basis for punitive damages in this case; failure to put off the implements of the plaintiff was wholly an *inadvertence,* cured immediately on discovery, but occasioned a delay of three hours and twenty minutes. The plaintiff claims damages for loss of time at six dollars per hour, and states that his time was worth that much on that occasion, and that the subjects or clients were present, and had to leave to go off to school, thereby depriving him of the opportunity to do the work. In his complaint he bases his damages on 'lost time,' and there was no motion to make definite and certain the statements or elements of damages beyond this. There was no objection to the testimony upon the ground that no special damages were alleged, but on other grounds.

"There was no cross-examination to probe the witness and get names of patients deprived of his services, names of parties for whom he performed services and amounts deprived of, and earned, respectively, but the statement stands unchallenged that he lost three hours and twenty minutes, and that on that occasion he was earning six dollars per hour. If the magistrate gave judgment for anything, twenty dollars *under this showing* was the amount that the plaintiff was entitled to be paid.

"If it be said that this is excessive, there is no proof upon which to base a reduction, nor is interference with the judgment sought on this ground, but primarily on the right of the plaintiff to recover at all. The case of *Mood* v. *Telegraph Company* recognizes the right to recover special damages. See that case, 40 S. C., 524.

"I express no opinion as to the earning capacity of the plaintiff other than that appearing in the record, and from that testimony, *not contradicted* or impeached, the judgment of the magistrate is sustained and the exceptions are overruled, and it is so ordered."

Defendant now excepts to this decree, alleging error.

23—75

(1) In holding that plaintiff was entitled to recover for lost time or what he could have earned in the time he was out of the use of his baggage.

(2) In holding that special damages could be recovered, when none was alleged.

(3) In holding that special damages could be recovered, when no notice that such loss would be sustained was given, alleged or proved.

(4) In that dental instruments are not baggage, and the profits to be derived from their use are speculative and remote.

(5) In not sustaining defendant's grounds of appeal from the magistrate's court as stated.

After consideration, we are of the opinion that the Circuit Court was in error. For the purpose of this appeal we will assume, without deciding, that a reasonable amount of dental tools may be regarded as baggage of a passenger, who is a dentist and carrying them for personal use. Such is probably the law, as indicated in *Davis* v. *R. R. Co.,* 10 How. Pr., 330; *Porter* v. *Hildebrand,* 14 Penn. St., 129; *Kansas City etc. Co.* v. *Morrison,* 34 Kan., 502, 55 Am. Rep., 252. It is not claimed that any direct injury resulted to the baggage by reason of the delay, nor that plaintiff was otherwise damaged or inconvenienced than by the loss of what he would have earned during the delay if the dental instruments had been delivered in due time. There is nothing reported in the evidence which tends to show that this particular portion of his baggage was so essential to his usual occupation that his time was absolutely lost, or to show what was the ordinary and usual value of three hours and twenty minutes of his time. The claim for damages rests upon the special circumstances which rendered the use of the tools valuable to plaintiff, and falls within the class of special damages. This Court has, in several cases recently, considered the subject of special damages, and the rule is settled that in order to recover such damages the plaintiff must allege and prove notice to the carrier of the special circumstances.

*Traywick* v. *Southern Ry.,* 71 S. C., 85, 50 S. E., 549; *Wesner & White* v. *Atlantic Coast Line Ry.,* 71 S. C., 211; 50 S. E., 789; *Guess & Glover* v. *Southern Ry.,* 73 S. C., 264; 53 S. E. Rep., 423; *Wehman* v. *Southern Ry.,* 74 S. C., 286, 54 S. E. Rep., 360.

As there was no allegation or proof of such notice to the carrier, it is clear that the plaintiff was not entitled to recover such special damages.

The judgment of the Circuit Court and of the magistrate's court is reversed, and the case remanded to the magistrate court for a new trial.

MR. JUSTICE GARY.   As the law does not provide for an appeal from a magistrate to the Supreme Court, this Court should not undertake to act directly upon a judgment rendered by a magistrate, but should remand the case with proper instructions to the Circuit Court.