## 7168

### FASS v. WESTERN UNION TEL. CO.

1. EVIDENCE—PLEADINGS.—Evidence may be admitted to support incompetent allegations permitted to remain in a pleading. If admitted, a party may request Court to instruct jury not to consider such evidence.

2. TELEGRAPH COMPANIES—MENTAL ANGUISH—NOTICE.—A telegram from wife to husband seeking information as to his condition is sufficient to put carrier on notice that if husband's reply were not delivered it would cause the wife to suffer mental anguish.

3. IBID.—SPECIAL DAMAGES.—That the sender of a message gave the carrier notice of the illness of sendee at time of delivery of the message would support special damages, but should not be admitted in evidence in absence of specific allegations.

Before ALDRICH, J., Marion, spring term, 1908. Reversed.

Action by Max Fass and his wife, Theresa Fass, against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Willcox & Willcox, Henry E. Davis and Mullins & Hughes,* for appellant. *Messrs. Fearons, Willcox & Willcox* and *Davis,* cite: *What plaintiff must show to recover:* 73 S. C., 221; 70 S. C., 422; 72 S. C., 116; 71 S. C., 30; 72 S. C., 290, 536; 63 S. C., 425; 70 S. C., 522, 539; 75 S. C., 54, 184, 208; 76 S. C., 301. *For*

*what recover:* 70 S. C., 418, 539; 72 S. C., 293; 75 S. C., 54, 208. *Special damages must be alleged:* 71 S. C., 30; 25 S. C., 28; 40 S. C., 524; 76 S. C., 301; 71 S. C., 82, 211; 74 S. C., 286; 76 S. C., 338; 79 S. C., 310. *Evidence as to peculiar fears should not have been admitted:* 69 S. C., 51; 73 S. C., 379, 520.

*Messrs. Livingston & Gibson,* contra, cite: *Plaintiff's wife here used due care, which distinguishes this case from* 76 S. C., 304; 75 S. C., 213. *Facts sufficient to put carrier on notice: Martin* v. *Tel. Co. This case is much stronger than Clay* v. *Tel. Co.,* 77 S. C.

April 15, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiffs, Max Fass and his wife, Theresa Fass, recovered judgment on a complaint alleging physical suffering and mental anguish of Theresa Fass, owing to the defendant's negligence and wilfulness in failing to deliver a telegram. Somewhere between 2 o'clock and 4 o'clock p. m., on 7th January, 1904, Theresa Fass sent over defendant's line from Marion, S. C., to her husband, Max Fass, at Dillon, S. C., the following telegram: "Wire at once how feeling. Shall I return Friday morning." This message was received in due time, and Max Fass immediately delivered to the defendant the following reply, addressed to Mrs. Fass at Marion: "Am feeling better. Don't come. Am in store today." The message to Mrs. Fass was never delivered.

When a reply to her telegram did not come in a reasonable time, Mrs. Fass became alarmed about her husband, took the train leaving Marion at 6:40 on Thursday evening, and arrived at her home at Dillon between nine and ten o'clock of the same day.

The complaint alleges, that at the time Mrs. Fass was sick, and the weather very inclement; that her husband pre-

suming his telegram had been delivered was not expecting her, and had made no arrangements to meet her at the station with a conveyance; that in her enfeebled condition she was thus compelled to walk to her home alone at night and in the cold; and that from the anxiety, exertion and exposure in her weak condition, she was made seriously ill. The answer was a general denial.

The exceptions are numerous, but the case is in a small compass, for the principles involved have been stated by the Court in other cases. There is no allegation in the complaint that the defendant had notice of the sickness of Mrs. Fass, when it failed to transmit the telegram to her. It was, therefore, the right of the defendant to have the statements as to her illness at that time stricken out of the complaint, but the defendant did not avail itself of that right, and hence cannot complain that the Court admitted evidence in support of the allegation. *Martin* v. *Seaboard Air Line Ry.,* 70 S. C., 8, 48 S. E., 616; *Blassingame* v. *Laurens,* 80 S. C., 38. Even after the admission of such testimony, the defendant could have asked the Court to instruct the jury that the illness of the plaintiff at the time of defendant's breach of duty could not be taken into consideration in estimating her damages. But no such request was made, and there is no exception to the charge of the Court on that point.

There is no foundation for the assignment of error to the Circuit Court in refusing to hold that there was nothing in the telegram to put the defendant on notice that Mrs. Fass would probably suffer mental anguish and endeavor to reach her husband as soon as practicable, when she received no reply to her telegram for immediate information as to his health. The point is disposed of in *Hughes* v. *Tel. Co.,* 72 S. C., 516, 530, 52 S. E., 107, in this language: "When the message relates to the serious illness or death of a person, a telegraph company is bound to take notice that the addressee has an interest in the subject of the

message, and that in case of a near relative the probability is, that the addressee will follow the promptings of nature and respond to the message, and, if possible, at once set out to attend the sick bedside or funeral as the case may be." *Willis* v. *Tel. Co.,* 69 S. C., 531, 48 S. E., 538; *Key* v. *Tel. Co.,* 76 S. C., 301, 56 S. E., 962; *Cloy* v. *Tel. Co.,* 78 S. C., 110, 58 S. E., 972. In the case of *Simmons* v. *Tel. Co.,* 63 S. C., 425, 41 S. E., 521, it was held that a complaint alleging facts almost exactly like these here appearing, stated a good cause of action for mental anguish.

The serious point in the appeal is the admission of the testimony of Max Fass, that he notified defendant's messenger of the illness of Mrs. Fass when he gave him the telegram to be sent to her. The complaint contains no allegation of such notice, and, therefore, furnishes no foundation for the recovery of special damages on that account. *Capers* v. *Tel. Co.,* 71 S. C., 29, 50 S. E., 537; *Wesner* v. *A. C. L. R. R.,* 71 S. C., 211, 50 S. E., 789; *Rogers* v. *Tel. Co.,* 72 S. C., 294, 51 S. E., 773; *Wehman* v. *So. Ry.,* 74 S. C., 286, 54 S. E., 360. Evidence of notice was, therefore, inadmissible. That the error was quite prejudicial is obvious, for the jury could not have failed to regard the fact that defendant had notice of Mrs. Fass' illness an aggravation of its negligence or wantonness, in failing to transmit the telegram which would have relieved her anxiety. The exception on this point must be sustained.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause remanded to that Court for a new trial.