STANISLAW GRZYWACZ, Appellant, v. THE N. Y. C. & H. R. R. R. Co., Respondent.

(County Court, Oneida County, November, 1911.)

Carriers — Carriage of baggage and passengers' effects — In general — When carrier liable for passengers' effects as for baggage — What constitutes baggage.

Razors and other tools of his trade, belonging to a barber who is a railroad passenger and contained in a suit case checked by him and not of extraordinary or unusual value, constitute baggage, for the safe transportation of which the carrier is liable.

Appeal by plaintiff from a judgment rendered in his favor by a justice of the peace of the city of Utica.

P. H. Fitzgerald, for appellant.

Lewis, Watkins & Titus, for respondent.

Hazard, J.   On the 31st day of July, 1911, the plaintiff purchased a railroad ticket of the defendant at its office in Springfield, Mass., entitling him to transportation to Utica, N. Y., and at the same time and upon production of the ticket he checked a suit case to his destination.   The suit case contained some articles of clothing, and it is claimed that in addition it contained some razors and other barber's tools of the value of fifty-eight dollars and seventy-five cents. Soon after arriving at Utica, plaintiff called for his baggage; and, upon the case being delivered to him, it was discovered that it had been cut, and that some one had abstracted therefrom the barber's tools.   The plaintiff thereupon brought this action to recover their value, and also the value of the suit case which was proven to have been ruined.   He was awarded a judgment for six dollars, the proven value of the case, and from that verdict he has appealed.

It is the custom of defendant and other common carriers to transport a certain amount of baggage with each passenger carried, and there has arisen a common law liability making the common carrier practically an insurer of the safe keeping and due delivery of such baggage.   This liability is not questioned by the respondent, but it insists that it is not liable to plaintiff for the loss of his barber's tools, for the reason that, as it claims, they are not properly baggage within the meaning of the cases establishing the carrier's liability for such; and it claims, also, that it is not liable under the provisions of the Interstate Commerce Law, contending that plaintiff could not legally include his barber's tools with his personal baggage, but that he should have shipped the same as hardware or cutlery and paid transportation accordingly, under the provisions of the Interstate Commerce Act; and

defendant seems to have prevailed upon the justice to accept its view.

It appears that the plaintiff is a barber by trade, and that the tools in question were tools which he used in his occupation, and that in making the journey above referred to he was traveling in search of such employment. It does not appear that the tools were extraordinary or unusual in value or quantity, and I think that, under the circumstances outlined above, the contention of the respondent is not well founded. It is undoubtedly true that a traveler may not include any articles of merchandise among his baggage and hold the transportation company liable for their loss, and this extends even to a salesman's samples. Simpson v. N. Y. C. & H. R. R. R. Co., 16 Misc. Rep. 614. However, in the case at bar, I do not think it is fair to consider this plaintiff's tools as merchandise; and it seems to me that they should be regarded as a legitimate and proper part of his personal belongings, which he might properly include among his " baggage." While it is true that the articles were not intended for his own personal use upon his own proper person, still they were his tools of trade, which he must use if he found employment; and, as he was traveling in search of employment, I think, within the view of all 'the cases, he had a clear right to take them with him without declaring upon them as merchandise and paying extra transportation fees. In the very recent case of Hasbrouck v. N. Y. C. & H. R. R. R. Co., 202 N. Y. 363, the Court of Appeals in considering the point at issue says: " The contract to transport the plaintiff carries with it the duty of transporting a reasonable amount of hand baggage, such as is commonly taken by travelers for their personal use, the quantity and value depending upon station in life, object of journey and other considerations." Also, " whatever the passenger takes with him for his personal use, or  *  *  *  with reference to  *  *  *, *the ultimate purpose of the journey,* must be considered as personal luggage." As the ultimate purpose of the journey was to find employment, and as the tools in question were necessary instruments of that employment, and as their value and amount were reasonable and moderate, I believe they should be properly treated as " baggage."

In the case of Hopkins v. Wescott, 12 Fed. Cas. 495, the court held that manuscript books which were the property of a student and necessary to the prosecution of his studies were to be regarded as baggage, saying: "With a lawyer going to a certain place to attend court, with the author proceeding to his publisher, with the lecturer traveling to the place where his engagement is to be fulfilled, manuscripts often form, though a small, yet an indispensable part of his baggage." This case was decided in the Circuit Court in the southern district of New York. In Pennsylvania, in the case of Porter v. Hildebrand, 14 Penn. St. 129, it was held that the tools of a carpenter, which were lost in transit and which had been checked as baggage, might legitimately be included among his baggage, and the defendant was held liable for their loss, although the court said, "The right to carry tools as baggage is unquestionably open to abuse." It also said: "It is a common thing for journeymen mechanics to carry in their trunks with clothing a small and select portion of their tools. To this practice I see no such objection as ought to put this kind of property out of the protection afforded to the necessity a traveler is compelled by legitimate considerations to transport with his person."

In the case of Gleason v. Goodrich Transportation Co., decided by the Supreme Court of Wisconsin, reported in 32 Wisconsin 85, a "price book" carried by a traveling salesman, which appears to have been in the form of manuscript, and which he was making use of in his business as a salesman, that being the object of his journey, was held to be legitimately included among his baggage, the court holding, as in the Hasbrouck case cited above, that the ultimate purpose of the journey must be considered in deciding the question of what might legitimately be considered personal baggage.

A case which seems to me to be exactly and identically in point was decided by the Supreme Court of Kansas, being the case of K. C. & F. S. & G. R. R. Co. v. Morrison, 34 Kan. 502. In that case a traveling watch maker and jeweler had transported as part of his baggage his working tools, and they had been lost by the carrier, apparently as the

result of a burglary, and the court held the transportation company liable, saying that "a reasonable quantity of his tools is proper baggage for a mechanic." In our own State there is a decision to the same effect, found in the case of Davis v. C. & S. R. R. Co., 10 How. Pr. 330. It was held that a set of harness maker's tools, such as it was said were usually carried by persons in the plaintiff's trade from place to place in their trunks, might properly be included under the term "baggage," and recovered for as such. In the case of Hawkins v. Hoffman, 6 Hill, 586, while it was said that the term baggage did not include either merchandise or samples of merchandise, and the court did not allow a recovery therefor, the court used this language in defining the term "Baggage" and in considering what might properly be included or carried as baggage: "Nor do I intend to say that the rule is confined to wearing apparel, brushes, razors, writing apparatus, and the like, which most persons term indispensable. If one has books for his instruction or amusement by the way, or carries his gun or fishing tackle, they would undoubtedly fall within the term baggage, because they are usually carried as such. This is, I think, a good test for determining what things fall within the rule."

In the case of Merrill v. Grinnell, 30 N. Y., the court, at page 619, says: "The sportsman who sets out on an excursion for amusement in his department of pleasure needs, in addition to his clothing, his gun and fishing apparatus; the musician his favorite instrument; the man of letters his books; *the mechanic his tools.* * * * He cannot attain the object he is in pursuit of without them, and the object of his journey would be lost unless he was permitted to carry them with him." The court further says: "I believe there is no difference of opinion in regard to the liability of a carrier for the loss of such articles as are above enumerated, forming part of the baggage of a passenger."

In the case at bar, if the justice had discredited the valuation placed upon the tools by the plaintiff, I would not quarrel with the verdict; but he has restricted the recovery to the mere value of the valise, and this verdict, I think, must be regarded as against the weight of evidence, as I

believe the plaintiff was entitled to recover a fair and reasonable compensation for his tools. If these views are correct, I do not think that the Interstate Commerce Law has any bearing upon the case. The judgment must, therefore, be reversed, and a new trial ordered, with costs to abide the event.

An order may be prepared accordingly.

Judgment reversed and new trial ordered, with costs to abide event.