CLIFFORD C. SUTTON, APPELLEE, V. JOHN BARTON PAYNE, DIRECTOR GENERAL, APPELLANT.

FILED DECEMBER 31, 1923.   No. 22654.

1. **Carriers: LOSS OF BAGGAGE: LIABILITY.** The definition of baggage to be found in the Hannegan baggage tariff is simply declaratory of the common-law definition of such baggage. And where the railroad company would be required to pay for the loss of such baggage under the common law, the director general will be required to pay for baggage lost by him during the period of federal control.

2. ———: ———: **DAMAGES.** *Held*, in this case, that where a workman took with him a kit of tools for the purposes of his journey, and upon his return checked the same as baggage, the railroad receiving them and issuing its check therefor, and where such tools were lost in transportation, the railroad company, or the director general since the loss occurred under federal control, will be required to pay full value for such tools up to the limit agreed upon.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*Sears & Horan, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

Plaintiff's action was to recover the value of mechanic's tools checked as baggage and lost while in possession of the defendant. There was no question as to the facts. The director general admitted receiving the tools, which were in a hand-satchel or kit, at Schleswig, Iowa, and issuing a baggage check for the same, also that the said tools were lost in transit. The case was tried in the municipal court at Omaha. Judgment was for the plaintiff, appellee, in the sum of $100. The district court refused to review this judgment and the case is brought here by the defendant, appellant.

The time in question was during the period of federal control. The Hannegan baggage tariff, promulgated by the director general, was in force. This tariff defined personal baggage as "wearing apparel, toilet articles and similar effects in actual use and necessary and appropriate for the wear, use, comfort and convenience of the passenger for the purpose of the journey, and not intended for other persons nor for sale." It provides also that the same "must be inclosed in receptacles such as trunks, valises, telescopes, suitcases, leather hat boxes and satchels, provided with handles, securely locked and otherwise fastened, and made of material of sufficient strength and durability and of a quality to withstand the rapid handling and piling incident to its transportation." It then provides that other enumerated articles may be accepted and checked for transportation in the baggage service, upon a limit of liability on the part of the carrier of $25 for each of such articles. Among these enumerated articles is a tool chest. We agree with the trial court that a kit of tools does not fall within the exceptions of the tariff, and that if appellee could recover at all he was entitled to recover the full value of his property up to the $100 which the parties agree upon as the maximum of recovery.

The whole contention of the appellant is that the court was holding contrary to the provisions of the Hannegan tariff, and was therefore in error in the rendition of its judgment. This is not a surprising view to take when one considers only the language of the definition above given. But the courts have uniformly and for a long time given to the term "baggage" the precise definition which is found in the Hannegan baggage tariff. In other words, this baggage tariff which is relied upon by the appellant is merely a statement of the common-law definition of baggage. *Bomar v. Maxwell,* 9 Humph. (Tenn.) 620; *Kansas City, Ft. S. & G. R. Co. v. Morrison,* 34 Kan. 502; *Dibble v. Brown,* 12 Ga. 217, 56 Am. Dec. 460; *Kansas City P. & G. R. Co. v. State,* 65 Ark. 363, 41 L. R. A. 333; *Chicago, R. I. & P. R. Co. v. Collins,* 56 Ill. 212.

Hand tools carried by a workman for the purposes of a journey have always been held to constitute baggage within the meaning of these tariff regulations and within the meaning of the common-law definition of baggage so reenacted in the Hannegan tariff. *House v. Chicago & N. W. R. Co.,* 30 S. Dak. 321; *Grzywacz v. New York C. & H. R. R. Co.,* 134 N. Y. Supp. 209; *Texas & N. R. Co. v. Russell,* 97 S. W. (Tex. Civ. App.) 1090; *Porter 'v. Hildebrand,* 14 Pa. St. 129; *Davis v. Cayuga & S. R. Co.,* 10 How. Pr. (N. Y.) 330; *Missouri K. & T. R. Co. v. Meek,* 33 Tex. Civ. App. 47; *Hannibal Railroad v. Swift,* 12 Wall. (U. S.) 262; *Railroad Co. v. Fraloff,* 100 U. S. 24; *Hopkins v. Westcott,* 6 Blatchf. (U. S.) 64.

The case of *Hannibal Railroad v. Swift,* 12 Wall. (U. S.) 262, dealt with a very similar question. This was a decision of the supreme court of the United States, and the question involved arose in regard to the surgical instruments of a physician. The supreme court held that such instruments were baggage. It follows in logic that if the instruments which a physician takes with him on a journey for the purpose of performing an operation are baggage, and the physician may recover the entire value, unless otherwise limited, of such instruments, then the ordinary mechanic who takes tools upon his journey may also recover the full value of the same, unless otherwise limited.

We are of the opinion that the judgment of the district court was right, and it is

AFFIRMED.

