DENT v. SOUTH BOUND R. R.

1. RAILROADS—DAMAGES—FIRE.—UNDER REV. STAT., 1688, and at common law, a railroad company is responsible to land owner for damages to land by destruction by fire from its locomotives of timber, growing trees, turpentine boxes, vegetable matter, undergrowth and litter.

2. PLEADINGS—EVIDENCE.—IF IRRELEVANT OR REDUNDANT ALLEGATIONS be permitted to remain in a pleading, they may be supported by

proof, and evidence offered for that purpose should not be ruled out on objection.

3. Evidence—Fire.—Damages to land by burning is the difference in the value of the land before and after the fire, and this may be shown by proof of value of trees, turpentine boxes, vegetable matter, undergrowth and litter destroyed.

4. Evidence—Opinion—Fire.—Damages to land by fire may be shown by the opinion of witnesses who have knowledge of facts.

5. Amending Pleadings.—Order amending complaint so as to allege fire on May 31, instead of March 31, and going on with trial, sustained, as not misleading defendant to his prejudice in maintaining his defense.

Before Townsend, J., Richland, fall term, 1900. Affirmed.

Action for damages to land by fire by Rebecca A. Dent, W. K. Dent, H. S. Dent, J. M. Dent and Jno. Dent against South Bound R. R. Co. From judgment for plaintiff, defendant appeals.

*Mr. Wm. H. Lyles,* for appellant, cites: *Error to admit evidence of value of turpentine trees, turpentine in boxes, litter, &c.:* 3 Elliott on R. R., sec. 1239; 63 N. W. R., 1104; 43 Minn., 375; 82 N. Y., 308; 3 Sedg. on Dam., sec. 933; 6 Cal., 163; 52 Hun., 353; 55 Ia., 88; 74 Hun., 380; 47 N. E. R., 261; 57 S. C., 189. *Error to permit witness to give opinion as to damage to land without peculiar knowledge with reference thereto:* 12 Ency., 475.

*Messrs. Jno. P. Thomas, jr.,* and *Hunter A. Gibbes,* contra, cite: *No ground of objection to testimony being stated, there is nothing for Court to rule on and exceptions as to incompetent evidence should be dismissed:* 53 S. C., 80; 59 S. C., 243; 60 S. C., 13. *Trees, underbrush and leaves are included in the terms of Rev. Stat., 1688:* 55 S. C., 504; 24 S. C., 366. *As to measure of damages to land by fire:* 5 Ency., 1 ed., 36; 4 A. & E. R. R., 617; 20 S. E. R., 129. *Witness testifying to what he saw need not have expert knowledge:* 25 S. C., 24; 38 S. C., 199. *As to application*

*for amendment at trial:* Code, 194; 14 S. C., 223; 10 S. C.,
98; 9 S. C., 330; 28 S. C., 386; 13 S. C., 491; 18 S. C., 331;
1 Ency. P. & P., 599.

July 30, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from a judg-
ment entered up in favor of the plaintiffs in two actions con-
solidated by order of the Court. The complaint in the first
action was for damages by fire to a tract of land known as
the Ramsey tract and the Home Place. The complaint in
the second action was also for damages by another fire to a
tract of land known as the Douglas tract, or Doss Flat tract.
Each of the complaints set forth two causes of action—one
under sec. 1688 of the Revised Statutes and one at common
law. Both tracts are situated along the right of way of the
defendant in Richland County.

The answers of the defendant in both cases were general
denials.

The defendant appealed upon the following exceptions:

"1. Because this being an action for the recovery of dam-
ages caused to land by burning over the same by sparks from
defendant's engines, his Honor, against the objection of the
defendant, allowed the witness, S. H. Dent, to reply to the
question, 'Taking into consideration the value of this land
prior to the burning—taking into consideration the land
since the burning—taking into consideration the value of
the trees and wood and his turpentine trees, and taking into
consideration the value of the litter destroyed, what would
be your opinion as to the total amount of damages on these
two tracts of land?' the said question tending to bring before
the jury irrelevant matters of the value of the turpentine
trees and the value of the turpentine contained therein, and
the value of the litter upon the land, when it is respectfully
submitted that the inquiry was limited to the value of the
trees, land and all, as land before the fire, and to its value
immediately after the fire, and should not have extended
the inquiry as to the value of the turpentine or litter.

"2. Because, against the objection of the defendant, his Honor allowed the witness, S. H. Dent, to answer the question: 'Q. Taking into consideration the injury done to the timber and to the litter, and in view of the condition of it since the fire, as affected by the fire, what, in your opinion, is the total amount on both of these tracts?' when the witness had testified that he had not examined both of the tracts, and when the question brought into the consideration of the jury an irrelevant matter, to wit: the value of the litter, as litter, which was destroyed by the fire.

"3. Because, against the objection of the defendant, the Court allowed the witness, W. H. Frost, to testify as to his opinion as to the damages done, taking into consideration the value of the litter upon the land, and also as to the value of the turpentine destroyed, when it is respectfully submitted that question was irrelevant and incompetent.

"4. Because, against the objection of defendant, his Honor allowed the witness, George Taylor, to testify as an expert as to his opinion as to the damage done to saw timber on lands in dispute, when it was shown that the said George Taylor had no special knowledge.

"5. Because, against the objection of the defendant, the plaintiff, W. H. Dent, was allowed to testify in response to the question, 'What damage has been caused by this fire to your timber and the land?' when, it is respectfully submitted, that the inquiry was limited to the damages done to the land as land with the timber standing on it, and that said question was irrelevant and incompetent.

"6. Because, against the objection of the defendant and during the progress of the trial, the plaintiffs were allowed to amend one of their complaints so as to charge the fire as having occurred on the 31st day of May, when it was alleged to have occurred on the 31st day of March, and the defendant was misled and not prepared with proof as to a fire which had occurred on the 31st day of May.

"7. Because his Honor, the presiding Judge, having allowed the amendment, refused to allow the defendant

further time for the preparation of its case and to ascertain and establish the facts with reference to the fire which occurred on the 31st day of May, 1900.

"8. Because his Honor charged the jury as follows, to wit: 'I do not think the true measure of damage is the market value. I think the plaintiffs are entitled to the property as it stood before the fire, and if you will ascertain the value of the property before it was burned, that is the measure of the value, as I understand it. You are to consider the location, the contour of the land, its location, the location of the trees. Trees may be useful in one place and more or less useful in another place. You are to consider all these matters, and say what it is worth, how much the plaintiff has been damaged;' when it is respectfully submitted that the question of the difference between the market value of the land before and after the fire was the real question for consideration by the jury, and the instruction was calculated to make the jury believe that they might take into consideration fanciful estimates as to the value of the lands."

The appellant's attorney in his argument thus succinctly states the question presented by five of the exceptions, to wit: "The first, second, third, fifth and eighth may be classed under one head, and that is that it was error for his Honor, the Circuit Judge, to admit the testimony as to the value of turpentine trees, the value of turpentine in the boxes thereon, and the value of litter upon the land, irrespective of their connection with the freehold, and in not limiting the jury in their estimate of the difference in value of the realty, considered as such, before and after the fire."

The allegations of the first cause of action set forth in the first of the complaints, which are material in considering the question presented by these exceptions, are contained in the third paragraph, which is as follows: "3. That on or about the 22d day of March, 1900, a fire was communicated by or from the defendant's locomotive to the said tract of land, and burned over fifty acres of the same, destroying much valuable timber, many growing

trees, including a large number of turpentine boxes and all
of the vegetable matter, undergrowth, straw and leaves,
which had accumulated for years thereon, and upon which
the value and fertility of said land to a large extent de-
pended, to the damage of the plaintiffs $1,200, which the
defendant is required to pay, by the act of the General As-
sembly in such case made and provided, which act is em-
bodied in sec. 1688 of the Revised Statutes of 1893."

The allegations of the second cause of action in said com-
plaint, which are material, are set forth in the third para-
graph, which is as follows: "3. That on or about the 22d
day of March, 1900, the defendant carelessly and negligently
omitted to use proper appliances to prevent the emission of
sparks from its locomotives, and on said day, in running its
locomotive through the said tract of land, negligently per-
mitted said locomotive to emit and let out sparks and fire
into the dry grass and combustible material in and along its
right of way, whereby the same was ignited and the fire
spread to the said tract of land and burned over about fifty
acres of the same, destroying much valuable timber, many
growing trees, including a large number of turpentine boxes,
and all the vegetable matter, undergrowth, straw and leaves
which had accumulated for years thereon, and upon which
the value and fertility of the said land to a large extent
depended, to the damage of the plaintiffs $1,200."

The allegations of the first and second causes of action in
the second of the complaints, are similar to the foregoing,
except as to dates, description of the land, and amount of
damages. The respondent's attorney makes the following
preliminary objection to the consideration of the first,
second, third and fifth exceptions, to wit: 1st. That the
question propounded to the witness in the first exception was
not answered, and, therefore, the exception has no founda-
tion in fact. 2d. That the grounds of objection to the tes-
timony set out in the other exceptions were not stated, and,
therefore, can not be considered by this Court, and relies
upon the following cases to sustain the second objection:

*Allen* v. *Cooley,* 53 S. C., 80; *Norris* v. *Clinkscales,* 59 S. C., 243; *Youngblood* v. *R. R. Co.,* 60 S. C., 13. But waiving these objections, the exceptions can not be sustained. Sec. 1688 of the Revised Statutes is as follows: "Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road, in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent; and it shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf." In construing this section, Mr. Justice Jones, delivering the opinion of the Court in *Dean* v. *R. R. Co.,* 55 S. C., 504, says: "The language of the first clause of this statute is sufficiently comprehensive to embrace any kind of property, real or personal, that may be injured by fire," thus showing that damages are recoverable under the statute for injury to such property as is described in the complaint; while the case of *Hunter* v. *R. R. Co.,* 41 S. C., 86, decides that damages are recoverable at common law upon such facts as are alleged in the second cause of action.

Again, the object of pleadings is to frame issues so that the parties to the action may know how to shape their testimony. The testimony, to which the appellant's attorney made objection, was responsive to the issue under the pleadings, and was, therefore, admissible. In the case of *Ragsdale* v. *Ry. Co.,* 60 S. C., 381, the Court says: "The next question argued by the appellant's attorney is that his Honor, the presiding Judge, erred in charging that the plaintiffs could recover the rental value of the store occupied by plaintiff's tenant to the extent that rental value had been diminished by competition. The charge was responsive to the issues made by the pleadings. Sec. 181 of the Code provides: 'If relevant or redundant matter be in-

serted in a pleading, it may be stricken out on motion of any
person aggrieved thereby.' Mr. Pomeroy, in sec. 552 of his
Remedies and Remedial Rights, says, 'The rule is estab-
lished by the unanimous decisions of the Courts, as well as
by the provision found in the Codes, that the proper and only
method of objecting to and correcting redundant, immaterial
or irrelevant allegations in a pleading is a motion to strike
out the unnecessary matter, and not a demurrer nor an exclu-
sion of evidence at the trial. The new procedure thus fur-
nishes by means of these motions, in case of insufficiency,
redundancy or irrelevancy, a speedy and certain mode of en-
forcing the fundamental doctrines of pleading' [evidently in-
tended for establishing] 'what it has established' [evidently
intended for pleaded] 'and of causing the complaints or
petitions and answers to present single, clear and well de-
fined issues' * * * In sec. 551, he says: 'An allegation is
irrelevant when the issue formed by its denial can have no
connection with, nor effect upon, the cause of action.' "
This language was quoted with approval in *Smith* v. *Smith,*
50 S. C., 67.

There is still another reason why the exception cannot be
sustained. The property destroyed was part and parcel of
the freehold, and testimony as to damages sustained by its
destruction was introduced for the purpose of show-
ing the difference in the value of the realty, consid-
ered as such, before and after the fire. The rulings
and charge of his Honor, the presiding Judge, were to the
effect that the measure of damages was the difference in the
value of the land before and after the fire. Testimony as to
the property pertaining to the freehold was competent for
the purpose of showing the difference in the value of the
realty before and after the fire, and as we have stated, it was
only for this difference that the jury were allowed to give
damages. These exceptions are overruled.

We will next consider the fourth exception. The ques-
tion raised by this exception arose in the following manner:
"Mr. Thomas: I will ask a preliminary question. Q. Have

you had any experience in timber lands that would enable you to know the value of them? A. In handling timber? Q. Yes. A. Yes, some little; I have handled wood. I have not handled any sawed timber or turpentine business, but I have handled wood right smart. Q. You have had sufficient experience to familiarize yourself with the value of timber land? Mr. Lyles: He has just answered what he had, and it is for the jury to say. The Court: He can tell what experience he has had. Mr. Lyles: He has just testified to that; that his only experience is in selling wood. Mr. Thomas: I will withdraw the question altogether, and ask the witness to give me his opinion of the damages he saw, leaving out the lower tract? Mr. Lyles: We object. He cannot testify to anything more than the damage to the wood, according to his own testimony as to his experience. The Court: He is not asked as an expert, but is asked for an opinion. Mr. Lyles: Opinion testimony can only be given on the basis of peculiar knowledge. The Court: What he sees. It makes no difference whether he is an expert or not, if he sees anything. Mr. Lyles: But his experience does not go to the extent of knowing the value of such things. We submit, he can't testify to it, and he has said he has had no experience in saw timber and turpentine timber. By Mr. Thomas: Answer the question. A. What the tract was worth or what the damages were on the tract I saw? Q. Yes. A. About $1,700, I think." The witness based his opinion upon facts within his own knowledge, which it would have been difficult fully to reproduce and make palpable before the jury. The case of *Easler* v. *Ry. Co.,* 59 S. C., 311, shows that opinion evidence is based on necessity, and is admissible when the facts cannot be reproduced before the jury in such manner as to show the condition of things upon which the opinion of the witness was based. It was necessary for the plaintiffs to prove a pecuniary loss of a definite amount, which could not be left to the supposed knowledge of the jury of such matters—*Waldrop* v. *R. R. Co.,* 28 S. C., 157; and this fact could be established

22—61

by any witness basing his testimony upon facts within his own knowledge—*Bridger* v. *R. R. Co.,* 25 S. C., 24. This exception is overruled.

We proceed to a consideration of the sixth exception. The order allowing the amendment is as follows : "It appearing that the above two cases, which by agreement of counsel were consolidated and ordered to be tried together, were for the recovery of damages caused by two fires to plaintiffs' lands, and it further appearing that by a clerical error the date of the fire set forth in the second case was laid on March 31st, instead of May 31st, and that the defendant has not been misled to his prejudice in maintaining his defense upon the merits thereby, it is, on motion of John P. Thomas, jr., plaintiffs' attorney, *ordered,* that paragraphs three of the first and second causes of action in the case second above set forth be, and the same are hereby, amended, in furtherance of justice, by striking out the word 'March,' in the first line in the said two paragraphs and inserting in lieu thereof the word 'May.' " The reasons set forth in said order show that it was properly granted, and this exception is overruled.

The last exception to be considered is the seventh. The foregoing order also shows that the Circuit Judge properly refused the appellant's request for further time. This exception is likewise overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.