## BANK OF TIMMONSVILLE v. FIDELITY & CASUALTY CO.

(Circuit Court, D. South Carolina. April 1, 1903.)

1. FIDELITY INSURANCE—COMPLAINT—IRRELEVANT ALLEGATION—OTHER INSURANCE.

The complaint in an action on a policy against loss by dishonesty of an employé to the extent of $5,000, providing that, if there be other insurance, defendant should be liable for any loss only ratably, alleged a loss of over $10,000, and that plaintiff had insurance against the loss to the extent of $5,000 with another company, and on "demand of the plaintiff the full sum of $5,000 was paid" by such other company. Held, that the allegation as to the other insurance was not irrelevant, but, to prevent influence on the jury, in place of the words "and on demand of the plaintiff the full sum of $5,000 was paid" there should be substituted the words "which has been paid."

Mitchell & Smith, for plaintiff.

Geo. H. Moffett and J. P. K. Bryan, for defendant.

SIMONTON, Circuit Judge. This case comes up on motion to strike out the ninth paragraph of the complaint on the ground that the same is irrelevant. The case is by the Bank of Timmonsville against the Fidelity & Casualty Company. After stating the jurisdictional facts, the plaintiff alleges that the defendant, in consideration of a certain named premium paid by plaintiff, made the plaintiff its policy of insurance, whereby it promised that during the life of the policy it would make good to plaintiff any loss it sustained by reason of fraud or dishonesty of F. C. Lechner, its cashier, to the extent of the sum of $5,000. It then states the continuous employment of the cashier from the date of the policy until the 18th of August, 1901, the renewal of the policy from time to time, the last renewal being from the 19th of March, 1901, to the 17th of March, 1902; that on the 18th of August, 1901, said cashier left plaintiff's employment, whereby it was immediately discovered that plaintiff has sustained a loss within the terms of the policy, through the cashier, of $10,035.69, which fact was communicated to defendant by the plaintiff. The complaint further alleges that the plaintiff complied with all the conditions of the policy. Then comes the ninth paragraph, to which this motion is directed. That paragraph is in these words:

"(9) That the plaintiff had like concurrent insurance against the loss described with the American Surety Company, a corporation under the laws of New York, to the extent of $5,000, and upon the demand of the plaintiff the full sum of $5,000 was paid to it by the American Surety Company."

The policy was not attached to the complaint as an exhibit, but the defendant, under the eleventh rule of this court, demanded a copy of the policy, which demand has been complied with. The copy was furnished, and put on file, and is now a part of the record. One of the provisions of this policy is:

That if the employer shall, at the date of this policy, or any time thereafter, be guaranteed or hold any securities against loss covered hereby, the company shall only be liable to make good any such loss ratably, and in just proportion, taking into account the value of the security."

Is this ninth paragraph irrelevant? "An allegation," says Mr. Pomeroy in his work on Remedies, § 551, "is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action." In section 552 he adds that: "It is the universal rule of all Codes that the proper mode for objecting to any irrelevant allegation is by motion to strike out, and not by demurrer, nor by motion at the trial, to exclude the evidence." This is the rule in South Carolina. Smith v. Smith, 50 S. C. 67, 27 S. E. 545; Dent v. Railroad Co., 61 S. C. 335, 39 S. E. 527. Is this allegation of the ninth paragraph irrelevant? An allegation or pleading is irrelevant when it has no connection with the issues involved. Test the ninth paragraph by this definition. The plaintiff is suing upon a contract of insurance, and seeks to hold the defendant liable thereon for the amount of damages described in the contract. Among the provisions of this contract is one limiting the liability of the insurer if there

be other insurance. Before a verdict for plaintiff can be reached upon this cause of action, it must appear whether there was other insurance against the same risk, and, if so, to what extent. As this is a fact wholly within the knowledge of the insured, it is incumbent upon the plaintiff to show it. For this reason the rule in fire insurance is thus stated:

"If the policy provides that the insurer shall not be liable for a greater proportion of the loss than the amount of the policy bears to the whole insurance on the property, the amount of other insurance, or the fact that there was none, must be stated." 11 Enc. Pl. & Pr. 415, 416.

The same principle applies to any bond of indemnity or insurance like this. See Supreme Council, etc., v. Fidelity & Casualty Surety Co., 11 C. C. A. 96, 63 Fed. 48. If there be other indemnity, this fact must be stated. This being so, the statement made in the ninth paragraph bears directly upon the liability of the defendant. If, on the trial, the plaintiff is able to prove a loss not amounting to $10,000, the verdict against the defendant must be measured by the amount already received from the American Surety Company. So it is an issue determining the amount of the verdict.

Whilst, however, the general allegation of this paragraph is not irrelevant, the mode in which it is stated is open to criticism. It not only states the fact, but it contains evidentiary matter qualifying it. The paragraph not only states the payment, but it adds, "Upon the demand of the plaintiff the full sum was paid." Although this statement has no probative force, still, put in this way, it is calculated to affect the minds of the jury. The complaint must be amended by striking out in the ninth paragraph the words: "And upon the demand of the plaintiff the full sum of $5,000 was paid to it by the American Surety Company," and inserting the words, "which has been paid by the American Surety Company."