7498

ANDERSON v. WESTERN UNION TEL. CO.

1. PLEADINGS—WORDS AND PHRASES.—In alleging a cause of action sounding in tort and based on negligence, such words as "negligently and carelessly" are appropriate terms to describe the acts alleged as negligent and "gross carelessness and negligence" are appropriate in alleging a cause of action for punitive damages.

2. CONTRACTS—TELEGRAPH COMPANIES.—Where a plaintiff alleges a telegram was sent him in pursuance of a contract with the sender, but does not allege notice to the carrier of the contract, and the carrier makes no motion to have the allegation as to the contract stricken

out, it cannot complain of error in admission of evidence to support the allegation.

3. APPEAL.—Having failed to call attention of trial Judge to error in stating issues, it is too late to allege error on appeal.

4. NEW TRIAL.—There being no evidence in this case, under the charge of the Judge, to support the verdict as a whole, new trial is granted unless plaintiff remit on the record so much of the verdict as is not supported by the proof.

5. REHEARING refused.

Before GAGE, J., Colleton, Fall term, 1907. Modified.

Action by Mary J. Anderson against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals on the following exceptions:

1. "Because the Circuit Judge erred in declining to hear motion of defendant's attorney to strike out the words 'negligently and carelessly' in paragraphs four and six, and the words 'gross and reckless negligence' in paragraph seven and the words 'in consequence of defendant's gross carelessness and negligence' in paragraph eight of the complaint; said words having been irrelevant, the said defendant was prejudiced by the introduction of testimony to sustain them.

2. "Because the Circuit Judge erred in allowing witness, O'Neil, to testify, over defendant's objection, to the effect that the plaintiff had been engaged by his wife, the said testimony having been hearsay and incompetent.

3. "Because the Circuit Judge erred in not directing a verdict for the defendant, there being no testimony sufficient to sustain the allegations of the complaint, the wording of the telegram having conveyed no notice to the defendant of any contract between plaintiff and O'Neil, and there being no testimony of any other notice to defendant of the existence of such contract between plaintiff and the witness, O'Neil.

4. "Because the Circuit Judge erred in not directing a verdict, there being no testimony that the defendant had any notice of any alleged agreement or contract of employment between plaintiff and the witness, O'Neil.

5. "Because the Circuit Judge erred in not directing a verdict, the testimony of plaintiff's witness having shown that the damages, if any, suffered by plaintiff were too remote, consequential and speculative.

6. "Because the Circuit Judge erred in charging the jury: 'The exact thing which the plaintiff puts her hands upon and charges as negligence is that the telegram was not transmitted from Charleston to Walterboro within a reasonable time, and to determine that matter you must determine at what time the telegram was put into the office at Charleston. The witnesses differ about that. You have heard their testimony. You have heard the testimony of the gentleman whose name was signed to the telegram, Mr. O'Neil. You have heard the testimony of the operator in the office at Charleston, whose name I do not now recall. And you have to decide between those men. Was that telegram left in the office at Charleston between one and two o'clock on Saturday, or was it left there about five o'clock on Saturday? I charge you that if it was left there between one and two o'clock, and if not delivered in Walterboro until six or seven, it is a question for the jury to say whether or not that was a reasonable time. If you determine it was a reasonable time, that ends the case for the telegraph company, and if you decide that it was not reasonable time, then that convicts the telegraph company of what the law calls negligence. She puts her finger upon one other act of negligence. Two acts of negligence; first, a failure to deliver, transmit in time, and secondly, the change of the name of O'Neil to Anderson.' The complaint not having alleged any negligence in the transmission and delivery of said telegram, the defendant was prejudiced by such charge, and it was, therefore, error.

7. "Because the Circuit Judge erred in not granting defendant's motion for a new trial, the verdict being excessive and unsupported by the testimony.

8. "Because the Circuit Judge erred in not granting defendant's motion for a new trial, the jury having ignored the instructions of the Court that no punitive damages could be awarded.

9. "The jury having ignored the charge of the Judge as to punitive damages, and disregarded the testimony as to actual loss alleged to have been sustained by plaintiff, it was error on the part of the Circuit Judge to refuse the motion for a new trial."

*Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys* and *Peurifoy Bros.,* for appellant.

*Peurifoy Bros.* cite: *Motion to strike out made in time:* Code of Proc., 181; Rule XX of C. C.; 44 S. C., 242. *Loss of contract of employment too remote:* 78 Me., 97; 40 S. C., 524; 35 Pac., 75; 6 S. E., 813; 43 S. E., 959; 21 S. E., 212; 8 So., 746. *Notice of contract:* 70 S. C., 318; 27 Ency., 1060. *Special damages:* 83 S. C.; *Towles* v. *R. R.*

*Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys* cite: *No recovery in absence of notice of contract:* 40 S. C., 524; 65 S. C., 490; 6 S. E., 813; 29 So., 787; 35 Pa., 75; 2 Atl., 847; 8 So., 746; 19 S. E., 366; 21 S. E., 212; 32 So., 310.

*Messrs. Howell & Gruber,* contra, cite: *Motion to strike out waived:* 35 S. C., 417. *No appeal lies from refusal to strike out:* 78 S. C., 565.

The opinion in this case was first filed on February 22d, but remittitur held up on petition for rehearing until

March 9, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff through the

wrongful acts of the defendant in failing to deliver a telegram.

The allegations of the complaint, material to the questions under consideration, are as follows:

"That on September 10, 1904, one J. P. B. O'Neil wrote a telegram directed to this plaintiff, in the care of J. F. Lucas, with whom this plaintiff was then living, at Walterboro, S. C., as follows:

"Charleston, S. C., 9-10, 1904.

Mrs. Mary J. Anderson,

        Care of J. F. Lucas,

           Walterboro, S. C.

Can you come at once to confinement case?

                         J. P. B. O'Neil.

"That the defendant transmitted the said message, and delivered the same to this plaintiff at Walterboro, S. C., but negligently and carelessly, in gross and reckless disregard of the rights of this plaintiff, and its duty to her, so altered and changed the signature to the said telegram that when the same was delivered to this plaintiff the same did not read, 'J. P. B. O'Neil,' but 'J. P. B. Anderson.'

"That the plaintiff, being a trained nurse, and engaged in earning her living by nursing the sick, had been engaged some time prior to the date of the said telegram, by the said J. P. B. O'Neil, to nurse his wife during her expected confinement, but when the said telegram was received, the same purporting to be signed by 'Anderson' and not 'O'Neil,' and this plaintiff knowing no person named 'J. P. B. Anderson,' did not reply thereto, nor go to Charleston at once to take charge of the case, as she would have done had she known that such telegram had been sent her by J. P. B. O'Neil, with whom she was under agreement to nurse his wife.

"That in consequence of the defendant's gross carelessness and negligence, as aforesaid, this plaintiff was greatly injured in her business, and suffered great loss, to her damage nineteen hundred and fifty dollars."

The jury rendered a verdict in favor of the plaintiff for $189.00, and the defendant appealed upon exceptions, which will be set out in the report of the case.

*First Exception.* The only objection to the use of the words mentioned in the exception, urged by the appellant, is that they were irrelevant and redundant.

In setting forth a cause of action sounding in tort, and based upon negligence, it is necessary to use such words as will convey the idea that there was negligence; and there are no words more appropriate than "negligently" and "carelessly" in such cases. And the words, "gross and reckless negligence," were appropriate in alleging a cause of action for punitive damages.

The second exception was abandoned.

*Third, Fourth and Fifth Exceptions.* These exceptions will be considered together.

The complaint alleged an agreement between the plaintiff and O'Neil, but failed to allege notice thereof to the defendant at the time the message was delivered to its agent for transmission. The proper proceeding on the part of the defendant was a motion to strike out the allegations as to the contract between the plaintiff and O'Neil. *Traywick* v. *Ry.,* 71 S. C., 82, 50 S. E., 549.

But having allowed such allegations to remain in the complaint, the defendant could not object to the testimony tending to prove them. *Ragsdale* v. *Ry.,* 60 S. C., 381, 38 S. E., 609; *Dent* v. *Ry.,* 61 S. C., 329, 39 S. E., 527; *Martin* v. *Ry.,* 70 S. C., 8, 48 S. E., 616.

Furthermore, testimony was introduced several times, without objection, tending to establish said agreement.

*Sixth Exception.* If the Circuit Judge erred in stating to the jury what acts of negligence were charged in the complaint, it was the duty of the defendant to call such error to his attention, and having failed to do so it is too late to raise such question.

*Seventh, Eighth and Ninth Exceptions.* These exceptions will be considered together.

There was testimony showing that the plaintiff was damaged to the extent of three dollars per day for forty-two days, aggregating one hundred and twenty-six dollars. The difference between this sum and one hundred and eighty-nine dollars, the amount found by the jury, is sixty-three dollars. There is no testimony tending to show that the plaintiff was entitled to this last mentioned sum.

It could not be allowed as punitive damages, for the reason that his Honor, the presiding Judge, ruled that such damages were not recoverable in this action; nor could it be allowed for board, as there was no testimony fixing the amount of damages in this respect. *Waldrop* v. *Ry.*, 28 S. C., 157, 5 S. E., 471.

There is another reason why such damages were not recoverable for board, to wit: The plaintiff testified that she was not compelled to pay board, as a result of the failure to deliver the telegram.

The sum of sixty-three dollars, therefore, should not have been included in the verdict.

Following the practice laid down in the case of *Blowers* v. *Ry.*, 74 S. C., 221, 54 S. E., 368, there should be a new trial *nisi*.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and a new trial granted, unless the plaintiff, within thirty days from the filing of the remittitur herein, shall remit upon the record the sum of sixty-three dollars, in which event the judgment for the remaining sum shall be affirmed.

March 9, 1910. PER CURIAM. After careful consideration of the petition herein the Court fails to discover that any material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.