10676

HAYES v. McGILL.

(108 S. E. 150)

APPEAL AND ERROR—EACH EXCEPTION MUST CONTAIN COMPLETE ASSIGNMENT.—Under Rule 5 of the Supreme Court (104 S. C. 525) each exception must contain a complete assignment of error, and a mere reference therein to any other exception, then or previously taken, or requested charge, will not be considered.

Before McIver, J., York. ———. Appeal dismissed.

Action by W. G. Hayes against J. Mason McGill. Judgment for plaintiff and defendant appeals.

*Mr. J. S. Brice,* for appellant, cites: *Express warranty*: 35 Cyc. 372-4: *Implied warranty*: 105 S. C. 273. *Express warranty excludes implied warranty*: 35 Cyc. 392; 112 S. C. 422.

*Mr. W. W. Lewis,* for respondent, cites: *Express warrant excludes implied warranty*: 112 S. C. 422.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This statement appears in the record:

"This was an action brought by the respondent, W. G. Hayes, for the purpose of recovering the sum of $1,600 from the appellant, from whom respondent alleged he had purchased a certain truck, and that the appellant had guaranteed that the truck was sound and in good condition, and practically new; and that respondent, relying on the express

warranty of the plaintiff, bought said truck, and afterwards discovered that it was worn out, and only good for old junk; and as there had been a complete failure of this warranty the respondent asked that he might be allowed to return the truck to appellant and recovery the purchase price of $1,600."

The jury rendered a verdict in favor of the plaintiff for $1,600 and the defendant appealed on five exceptions. They, however, cannot be considered, as the appellant has failed to comply with the requirements of Rule 5 of this Court (90 S. E. vii), which is as follows:

"Each exception must contain a concise statement of one proposition of law or fact, which this Court is asked to review. * * * Each exception must contain within itself, a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge, will not be considered."

Appeal dismissed.

Mr. Justice Fraser: I dissent. While the exceptions might have been clearer, yet it seems to me that it is clear enough for consideration that the appellant intends to complain that his Honor charged the jury the law of implied warranty when the plaintiff had alleged an express warranty. The point is not that his Honor, the trial Judge, misstated the law as to implied warranty, but that his error was in charging the law of implied warranty in a case in which the plaintiff relied upon an express warranty. The respondent had not been misled and the question should be decided.

It seems to me that his Honor did charge the jury that, if the plaintiff failed to establish his express warranty upon which he relied, then the jury might still find for the plaintiff under the implied warranty, if he had not bought a sound article for a sound price. I do not so understand the recent cases.

For this reason I dissent.