10734

McFADDIN BY GUARDIAN v. ANDERSON MOTOR CO.

(108 S. E. 919)

MUNICIPAL CORPORATIONS—WHETHER AUTOMOBILE WAS DRIVEN AT EX-
CESSIVE SPEED ON WET PAVEMENT IN DANGER ZONE HELD FOR JURY.—
In action for injuries to girl, struck by defendant's automobile
while crossing street, question of whether automobile was being
driven at an excessive rate of speed on wet pavement within danger
zone surrounding approach to public school *held* for the jury.

Before McIVER, J., York, December, 1920.    Reversed.

Action by Aline McFaddin by Guardian ad Litem against
Anderson Motor Co. From order of nonsuit plaintiff
appeals.

The reasons assigned by the trial Court for granting a
nonsuit are stated in the "Case and Exceptions," as fol-
lows:

"A nonsuit is never granted, if there is any evidence at
all to sustain the allegation—specifications of negligence set
out in the complaint. Realizing that, if there is any evi-
dence at all to go to the jury of negligence, I have had the
stenographer read over to me practically all of the testi-
mony of Mr. Pressly, who is the only witness that testified
anything about this accident. I can't find in his testimony
any evidence of negligence at all; unless we could assume
from the fact that one was hit by an automobile, that the au-
tomobile was negligently run, why, then there is certainly no
evidence of negligence here. The law doesn't raise the pre-
sumption of negligence on account of the fact that the auto-
mobile was running. Now, Mr. Pressly, in his testimony,
says he didn't see any car at all; the only information he got
was from some one else who told him; that wasn't competent.
I don't know that it was ruled out, but it got in, what this
boy had said. He said that he didn't see any car; the only
thing he saw was the girl lying down on the right-hand rail,
going in the direction the car was going; he was going on the

right-hand rail of the street car line. He says he doesn't know whether the car stopped or not, as he didn't look for any car, and didn't see it. As far as his testimony, the car may have stopped at once, and may have reversed back, turned around; but he does say as soon as he looked, he saw this girl the instant after it occurred; he saw the girl lying in that position. He went back there, and then saw the car turn around, as he expressed it, after he came back. As a matter of fact, he doesn't testify it is the same car. I suppose the inference would be it was the same car. He does say he testified the car stopped. He didn't see any car; didn't pay any attention to whether there was a warning given, or horn blown, or not; he doesn't know; he doesn't remember hearing any. He doesn't say there was one, and therefore there is no testimony on his part that the driver was driving that car at a negligent way at all; absolutely none. Now, cars have a right to drive; they have the right to drive in the street that way. From all we know, from the testimony, the car may have been going at five, six or even four miles; no testimony to the contrary. Now, counsel argues because he struck this child he must not have been observing a sufficient outlook. That doesn't follow as a matter of law because, if that were true, the law would be, the mere fact of injury raises the presumption that there was negligence of the driver of the car. That is not the law.

"I have asked counsel to try to point out to me any act of negligence, but none have been able to show it. I have examined the testimony for himself. Of course, if there was a negligent driving of that car, there ought to be damages for the plaintiff; but you can't give damages to the plaintiff unless there is negligence upon which to predicate that. Therefore, as I am going to grant a nonsuit in this case, might want in this, in form of nonsuit or direction of verdict and have granted motion, that merely upon

the accident so far as the testimony is offered, it may be that another suit could supply the proof that is absolutely lacking in this case. I can't see where there is any negligence at all. I am obliged to do it; I regret to do it but I am obliged to grant a nonsuit in this case. You just take a simple order: Nonsuit on ground of lack of proof."

*Messrs. J. Harry Foster* and *Thomas F. McDow,* for appellant. *Mr. Foster* cites: *Presumption of negligence from collision:* Huddy on Automobiles, 323. *And that negligence caused injury:* 115 S. C., 173; 47 S. C., 381.

*Messrs. McDonald & McDonald,* for respondent. No citations.

October 10, 1921.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for $20,000.00 damages on account of personal injuries alleged to have been sustained by the plaintiff in being struck by an automobile of the defendant at Rock Hill, S. C., February 18, 1919. The case was tried at York, S. C., at December term, 1920, before Judge McIver and a jury. At the close of the testimony for the plaintiff the Circuit Judge ordered a nonsuit, and from the judgment entered thereon the plaintiff appeals.

The plaintiff, a school girl, was on her way to school, and while upon the street near the school was run over by an automobile of the defendant, operated by one Frank Hall. The circumstances of the collision are very meagerly detailed in the testimony, but there was sufficient evidence of the negligent operation of the car to require the submission of the issue to the jury, and the order of nonsuit was erroneous.

The witness, Pressly, testified that he was walking on the north side of East Main Street, and was in the act of crossing Reid Street, which intersects East Main; that he was

with a young man, Sam Fant; that Sam Fant exclaimed, "There goes Frank's car," and immediately thereafter, "Watch out there; he is going to hit that little girl." Pressly looked around, the car was out of sight, and the little girl was lying on the ground. If Fant could see the danger, why could Hall have not seen it? If the car was out of sight when Pressly looked around, its speed was a question of fact for the jury. The fact that Hall did not stop means either that he did not see the little girl (upon the presumption of his humane feelings), or that he was going at such a speed on a wet pavement that he could not stop in time to avoid the collision, all of which were questions for the jury to decide. It was also for them to decide whether, under the circumstances, within the danger zone which should surround the approach to a public school, the driver exercised that degree of care which was required of him. The wet street, the presence of school children, the unobstructed view, were elements which the jury had the right to consider in determining the presence or absence of negligence.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

Mr. Chief Justice Gary and Mr. Justice Fraser concur.

Mr. Justice Watts (dissenting): For the reasons assigned by his Honor, Judge McIver, in granting nonsuit, I think that the exceptions should be overruled and the judgment affirmed.