## 11041

### McFADDEN v. ANDERSON MOTOR CO.

#### (114 S. E., 402)

1. **MASTER AND SERVANT—MASTER LIABLE FOR TORTS OF SERVANT WITHIN SCOPE OF EMPLOYMENT.**—A master is liable for his servant's torts only where the servant is acting within the scope of his employment.

2. **MASTER AND SERVANT—RETENTION OF EMPLOYEE NOT RATIFICATION OF TORT.**—Where employee was using his employer's automobile for his own pleasure at the time plaintiff was struck by this automobile, the mere retention of employee after knowledge of all the facts would not constitute ratification on the part of employer.

3. **MASTER AND SERVANT—RETENTION OF EMPLOYEE EVIDENCE OF RATIFICATION OF TORT.**—The retention of employee after knowledge of the commission of a tort is only evidence of ratification by employer, and not ratification as a matter of law.

Before RICE, J., York. November, 1921. Reversed and remanded.

Action by Olive McFadden against Anderson Motor Co. Judgment for plaintiff and defendant appeals.

For former appeal see 118 S. C., 309.

*Messrs. McDonald & McDonald,* for appellant, cite: *Evidence of subsequent repairs incompetent:* 144 U. S., 202; 77 S. C., 69; 110 S. C., 561; 32 L. R. A. (N. S.), 1127. *Liability of master for acts of servant within scope of authority:* 54 A. L. R., 67; 47 A. L. R., 793; 5 Rich. L., 17; 37 S. C., 194; 72 S. C., 205; 86 S. C., 73; 103 S. C., 427; 108 S. C., 179; 110 S. C., 76; Huddy, Autos, Secs. 623–26, 627, 628, 630, 631; 66 A. L. R., 537; 71 A. L. R., 844; 103 S. E., 171; 104 S. E., 530; 105 S. E.,

---

NOTE: On liability of master for injuries by automobile while being used by a servant or third person for his own business or pleasure, see notes in 1 L. R. A. (N. S.), 235; 9 L. R. A. (N. S.), 1033; 14 L. R. A. (N. S.), 216; 21 L. R. A. (N. S.), 93; 26 L. R. A. (N. S.), 382; 33 L. R. A. (N. S.), 79; 37 L. R. A. (N. S.), 834; 47 L. R. A. (N. S.), 662; L. R. A., 1916A, 957.

124. *Retention of servant after accident no ratification of his unlawful act:* 184 S. W., 1134; 129 S. W., 1038; 15 S. W., 495; Ann. Cas., 1912C, 848; 19 L. R. A. (N. S.), 255; 108 S. C., 179, *Error to read Sec. 602, Crim. Code 1912 to jury:* 108 S. C., 254.

*Messrs. J. Harry Foster and Thos. F. McDow,* for respondent, cite: *Evidence of subsequent repairs competent to show absence of appliance at time of accident:* 80 S. C., 69. *If law charged is applicable to one view of case judgment will be sustained:* 75 S. C., 141. *Issue of ratification should have been presented by motion for nonsuit, directed verdict or new trial:* 72 S. C., 411. *What amounts to ratification:* 34 L. R. A., 205; 24 Am. Rep., 437; 74 Miss., 782; 58 Ga., 216; 24 Am. Rep., 689; 2 A. L. R., 39; 100 A. L. R., 915; 15 A. L. R., 753; Thomp. Corp. (2nd Ed.), 5456; 59 A. L. R., 897; 15 A. L. R., 753. *Criminal statutes regulating speed applies to streets of town:* 74 S. C., 539; 69 S. C. L; 5 Rich., 603; 67 S. C., 521; 99 U. S., 635.

October 20, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is the second appeal in this case, a general statement of the facts in which will be found in the former appeal, 118 S. C., 309; 108 S. E., 919. Upon the second trial the plaintiff recovered a judgment for $2,000, from which the defendant appeals.

It is necessary to consider only the fifth exception, which is as follows:

"Because his Honor erred in charging the jury as follows: 'Now, as to whether or not, gentlemen, after knowledge of all the facts in the case, they ratified his taking the car out and using—not ratified running over the child, because they couldn't do that; that was an unlawful thing to do, and they can't ratify any unlawful act—but I say,

so far as his using the car was concerned, if after full knowledge of all those facts, they ratified it by acts of theirs, keeping him in their employ or otherwise dealing with him so as to ratify what he had done, then their authority would go back to the time when he first took the car out of the shop or the place, and then it would be the same as if they originally gave him permission, or if he was on their business. That is my view of the law. It may be wrong; but from the authority which has been handed me up here, I can't see any other view of the law, and am going to charge you that. If I am wrong the Supreme Court, in case it goes against the defendant in this case, will correct me'; the error being:

"(a) That such charge did not state a sound and correct proposition of law, and was prejudicial to the defendant.

"(b) Because such charge in effect instructed the jury that if the driver of the car, Frank Hull, was not acting in the scope of his agency or employment at the time of the accident to plaintiff, the mere keeping of said Frank Hull in the employment of the defendant would ratify his act and make the defendant liable for plaintiff's injuries, even although defendant had full knowledge of all the circumstances of the accident, but knew that said Frank Hull was not at that time acting in the scope of his employment.

"(c) Because if Frank Hull was not acting in the scope of his employment at the time of said accident, the mere keeping of him in their employment could not ratify his act of taking out the car and make the defendant liable for plaintiff's injuries, for the reason that there could be no liability on the defendant at the time said accident occurred, and there would be no legal duty upon defendant to discharge the said Frank Hull, when he was acting out of his scope of employment with defendant."

The liability of the master for the torts of his servant arises only when the servant is acting about the master's business, within the scope of his employ-

ment; if he is upon his own business acting outside of his employment the master is not liable.

The defendant, while admitting the ownership of the car and the employment of Frank Hull, who was operating the car at the time of the collision, contended that he was not at the time engaged about their business, but about his own. The Circuit Judge properly charged the jury that under such circumstances the defendant would not be liable unless it ratified the act of Hull in using the car, not in striking the child; and that the retention of Hull in its employment after knowledge of all the facts was not only evidence of ratification, but was ratification, "it would be the same as if they originally gave permission, or if he was on their own business."

A quotation from the case of *Knight v. Motor Co.,* 108 S. C., 179, 93 S. E., 869, L. R. A., 1918B, 151, is sufficient to demonstrate the fallacy of this declaration:

"Therefore, even if the retention of Boyd tended to prove that the motor company approved his conduct, yet the simple approval of the unlawful conduct of another about the other's own business, after it shall have happened, will not render the approver liable for the unlawful conduct of the other."

The case referred to was one of very similar character, the use of a car by an employee for his own pleasure and on his own business.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. JUSTICE MARION concurs.

MR. JUSTICE FRASER: I concur in the result on the ground that the retention of the driver was only evidence from which ratification might be inferred, and not ratification as matter of law.

Mr. Chief Justice Gary (dissenting) : Statement of
Facts.—This is an action for damages alleged to have been
sustained by the plaintiff, through the wrongful acts of the
defendant. This is the second trial of the case. On the
first trial, his Honor the presiding Judge granted a nonsuit,
on motion of the defendant's attorneys at the close of all the
testimony. The order of nonsuit was reversed by the Su-
preme Court, and upon the second trial the jury rendered a
verdict in favor of the plaintiff for $2,000, and the defendant
appealed.

The complaint is as follows :

(1) That the defendant now is, and was, at the times
hereinafter stated, a corporation created and existing under
the laws of said State;

(2) That Allie McFadden was duly appointed the guard-
ian *ad litem* for the plaintiff herein, the said plaintiff being
an infant under the age of nine years;

(3) That on or about February 18, 1919, in the City
of Rock Hill, on East Main Street, within the fire limits
of said city, the agent of the defendant, acting within the
course of his employment, negligently and willfully so op-
erated an automobile, being then driven by said agent and
servant of the defendant, as to run said car over the plain-
tiff; said injury having occurred at or about 8 :30 a. m., at
a time when the said street was being used by many children,
including the plaintiff, while going to the public schools
of said city, all of which was known or apparent to the
defendant, its agents and servants.

(4) That by reason of the said injury to the plaintiff,
that said plaintiff was seriously and permanently bruised
and crushed, having her thigh broken and other parts of
her body permanently injured, to the plaintiff's damage in
the sum of $20,000.

(5) That the defendant, its agents and servants, were
negligent and unlawful, in the following additional respects :

(a) That the driver of said automobile was incompetent and was not licensed to operate a car in the limits of the City of Rock Hill, and was operating said car in violation of a valid city ordinance. (b) That the driver of said car did not keep to the right of the center of the road, in violation of the road law of South Carolina, and in violation of a valid city ordinance. (c) That said car was equipped with an inadequate set of brakes, in violation of a valid ordinance of the City of Rock Hill. (d) That said car was being run at a high and dangerous rate of speed, exceeding 25 miles the hour, in violation of the road law of South Carolina. (e) That said car was being driven at a greater rate of speed than was reasonable and proper under the circumstances, and at a greater rate of speed than 10 miles an hour on said East Main Street, said street being within the fire limits, all of which was in violation of a valid ordinance of said City of Rock Hill. (f) That the agents and servants of the defendant did not so operate said car, as to retain control of the same, whereby said car could have been stopped and said injury avoided. (g) That the agent and servant of the defendant did not, at said time and place, give any warning of its approach or presence, nor did said agent keep a proper and due lookout, whereby the presence of perilous situation of the said plaintiff may have been discovered and said accident avoided. (h) In allowing and permitting said car to be driven by an incompetent and unlicensed driver, in violation of law.

(6) That the injuries to the plaintiff were due to one or another or all of said acts of negligence and willfulness operating jointly, concurrently, or separately.

Wherefore the plaintiff demands judgment against the defendant, for the sum of $20,000.

The answer of the defendant is as follows:

(1) Admit the allegations contained in paragraphs 1 and 2 of the complaint.

(2) Deny each and every other allegation in said complaint contained, and demand strict proof thereof.

Further answering and by way of defense to plaintiff's alleged cause of action, defendant shows:

(1) That at the time alleged in said complaint, said car was not being operated by the defendant, or any one as its agent or servant authorized to drive or operate the same, but, on the contrary, the party then driving and operating said automobile was so doing in violation of the orders and rules of this defendant, and surreptitiously and without defendant's knowledge or consent.

(2) On information and belief defendant alleges that the said injuries alleged to have been sustained by the said Aline McFadden were not caused by any fault or negligence on the part of the party operating said automobile, but was caused solely by the negligence of the said child in suddenly running into the street in front of said automobile.

(3) On information and belief defendant alleges that the negligence of said child in suddenly running into the street in front of said automobile contributed, along with the negligence, if any, of the party running and operating said automobile, to the injury of said child and as the proximate cause thereof.

(4) That the collision whereby said child was injured was the result of unavoidable accident, which could not have been foreseen or prevented by the party running and operating said automobile, by the exercise of reasonable and ordinary care on his part.

(5) That the collision whereby said child was injured was caused by the unforeseen and unavoidable act of the child itself in suddenly running in front of the automobile.

Wherefore defendant prays that the complaint herein be dismissed with costs.

The defendant appealed upon the following exceptions:

(1) Because his Honor erred in permitting the plaintiff's witness, James Pressley, to testify against the objection

of defendant's counsel that he thought he had seen Frank
Hull driving a car around Rock Hill, and that he worked
for the Anderson Motor Company; the error being that
such testimony was incompetent, and had no tendency to
prove the ownership of the car, in which Hull was riding
at the time of the accident to plaintiff.

(2). (This exception was abandoned.)

(3) Because his Honor erred in permitting the witness,
C. B. McFadden, to testify, against the objection of de-
fendant's counsel, that he made certain repairs on a car for
A. F. Hester, the error being that such repairs were made
a long time after the accident in which plaintiff was in-
jured, and said testimony was incompetent to prove neg-
ligence on the part of the defendant, or to prove any de-
fective condition of said car; it appearing that the car was
not owned by the defendant at the time of said alleged re-
pairs, and said alleged repairs were made long after the ac-
cident occurred.

(4) Because his Honor erred in refusing to strike out,
on defendant's motion, the incompetent testimony of the
witness, C. B. McFadden, as to repairs made by him on a
car for A. F. Hester; the error being that such testimony
was clearly incompetent, and should have been stricken out.

(5) Because his Honor erred in charging the jury as
follows: "Now, as to whether or not, gentlemen, after
knowledge of all the facts in the case, they ratified his tak-
ing the car out and using it—not ratified running over the .
child, because they couldn't do that; that was an unlawful
thing to do, and they can't ratify any unlawful act—but I
say, so far as his using the car was concerned, if after full
knowledge of all those facts, they ratified it by acts of
theirs—keeping him in their employ or otherwise dealing
with him so as to ratify what he had done, then their author-
ity would go back to the time when he first took the car
out of the shop or the place, and then it would be the same
as if they originally gave him permission, or if he was on

their business. That is my view of the law. It may be wrong; but from the authority which has been handed me up here I can't see any other view of the law, and am going to charge you that. If I am wrong, the Supreme Court, in case it goes against the defendant in this case, will correct me"—the error being: (a) That such charge did not state a sound and correct proposition of law, and was prejudicial to the defendant. (b) Because such charge in effect instructed the jury that if the driver of the car, Frank Hull, was not acting in the scope of his agency or employment at the time of the accident to plaintiff, the mere keeping of said Frank Hull in the employment of defendant would ratify his act, and make the defendant liable for plaintiff's injuries, even although defendant had full knowledge of all the circumstances of the accident, but knew that said Frank Hull was not at that time acting in the scope of his employment. (c) Because if Frank Hull was not acting in the scope of his employment at the time of said accident, the mere keeping of him in their employment could not ratify his act of taking out the car and make the defendant liable for plaintiff's injuries, for the reason that there could be no liability on the defendant at the time said accident occurred, and there would be no legal duty upon defendant to discharge the said Frank Hull, when he was acting out of his scope of employment with defendant.

(6) Because his Honor erred in reading Section 602 of the Criminal Code of this State to the jury as being law applicable to the facts in the case; the error being that such section has no application to the running of automobiles on the public streets of municipal corporations, but only applies to public highways, bridges, or curves outside of municipal corporations, and his Honor should have instructed the jury to disregard said section when his attention was called to its inapplicability by defendant's counsel

(7) Because his Honor erred in reading to the jury, from the statute of the State, with reference to operating motor vehicles and charged the jury as follows: "So you will see that, under the statute law of the State, if you operate an automobile at a greater rate of speed than 25 miles an hour on the public highway, that would be a violation of the law, and that would be negligence per se; that is, that of itself would be negligence. But the statute goes on further and says, and that is only confirming the common law, anyway, 'At no time at a greater rate of speed than is consistent with the safety of other persons who may be using the street' "—the error being: (a) That such State statute has no application to automobile traffic on the public streets of a municipal corporation. (b) That it left the jury to infer that if an automobile was operated upon the public streets of a municipal corporation, at a greater speed than permitted by the State statute, it would be negligence per se, thus leaving the jury to infer negligence, if there was a violation of law not applicable to said streets."

## Opinion

The following statement appears in the printed argument of the appellant's attorneys:

The defendant did not make any motion for a nonsuit or directed verdict, for the reason that, on the former appeal herein, this Court held that there was evidence of negligence to go to the jury, and it did not feel that it had a right to make such motions under the principle laid down by this Court in *Jackson v. Railway Co.,* 84 S. C., 299; 66 S. E., 181, and *Smith v. Railway Co.,* 96 S. C., 153; 79 S. E., 1099.

The issues raised by the exceptions may be stated as follows: (1) Error on the part of his Honor in admitting incompetent testimony. (2) Error in refusing to strike out incompetent testimony on defendant's motion. (3) Error on the part of his Honor in his charge to the jury. (4)

Error in reading to the jury the statute law of the State with reference to the operation of automobiles.

The first, third and fourth exceptions will be considered together. Even if they show error, it was incumbent on the appellant to show that it was prejudicial. This, however, has not been shown, and these exceptions must be overruled.

The second exception will not be considered, for the reason that it was abandoned.

The fifth exception cannot be sustained, not only for the reason that it fails to show prejudicial error, but for the additional reason that it is defective in form. *Hayes v. McGill,* 116 S. C., 375; 108 S. E., 150.

This disposes of all the exceptions, except the sixth and seventh, which cannot be sustained, for the following reasons: The complaint alleges that the rate of speed at which the car was being operated was in violation, not only of an ordinance of the City of Rock Hill, but likewise of the State law. The defendant having failed to make a motion to strike out the allegations deemed objectionable, on the ground that they were irrelevant, did not have the right to object to testimony on the part of plaintiff, which was offered for the purpose of proving the allegations of the complaint. *Ragsdale v. Railway,* 60 S. C., 381; 38 S. E., 609; *Dent v. Railway,* 61 S. C., 329; 39 S. E., 527; *Martin v. Railway,* 70 S. C., 8, 48 S. E., 616. Furthermore the provisions of the statute were in no respect whatever prejudicial to the rights of the defendant.

The judgment should be affirmed.